WARNER, J.
 

 Tanesha Bannister petitions this court for a writ of habeas corpus, challenging the trial court’s order of pretrial detention after she failed to appear at her arraignment for grand theft. The trial court did not make findings that her failure to appear was willful, nor that pretrial detention was necessary because no further conditions of release were likely to assure petitioner’s appearance at subsequent proceedings. We grant the petition because of the trial court’s failure to make a finding that no further conditions of release would assure her presence at trial. However, we also "write to explain that although the court did not make an express finding of willfulness, no such finding was necessary where the petitioner did not place her conduct in failing to appear at issue.
 

 Petitioner had been released on a $1,000 bond after her arrest for grand theft, her first felony arrest according to her attorney’s representation to the court. She failed to appear at her arraignment. A capias was issued, and over a year later petitioner was subsequently arrested. Counsel entered a not guilty plea on her behalf and requested a release on a new bond, suggesting a $2,500-$5,000 bond. Counsel noted that the court is “w[e]ll aware as far as some of the background.” Neither petitioner nor her attorney offered an explanation for her failure to appear. No evidence was taken. The prosecutor advised that petitioner had two other failures to appear — one in 2006 on a trafficking or related charge and one in 2008 for larceny. The trial court determined that bond was not appropriate because of her two prior failures to appear.
 

 As we noted in
 
 Blair v. State,
 
 15 So.3d 758 (Fla. 4th DCA 2009), a trial court’s authority to order pretrial detention, even after a failure to appear which violates a bond condition, is circumscribed by the statutes and constitutional provisions.
 
 See
 
 Art. I, § 14, Fla. Const.; § 907.041(4), Fla. Stat. Our constitution allows pretrial release on reasonable conditions for most non-capital crimes not punishable by life imprisonment. “If no conditions of release can reasonably ... assure the presence of the accused at trial or assure the integrity of the judicial process, the accused may be detained.” Art. I, § 14, Fla. Const. Section 907.041(4)(c)7., Florida Statutes, permits the court to order pretrial detention if a defendant violates one or more conditions of a bond and “the violation, in the discretion of the court, supports a finding that no conditions of release can reasonably ... assure the presence of the accused at trial.”
 

 Petitioner violated her bond condition by failing to appear at her arraignment. Petitioner maintains that the record is devoid of evidence that her failure to appear was willful. The only reference as to why she failed to appear was her attorney’s cryptic explanation that the court was “well aware” of the background. Petitioner offered no record explanation which would have provided an excuse for her conduct.
 

 In
 
 Blair
 
 we held that pretrial detention may not be ordered based upon a failure to appear unless the court finds that the failure to appear was willful. However, the
 
 *747
 
 facts of
 
 Blair
 
 are considerably different than this case. Blair was held without bond after he failed to appear for a court date in a felony DUI proceeding. He had been arrested for several misdemeanor charges of DUI, but he had never been arrested for the felony charge. As a result, he did not receive notice of the court appearance. Moreover, at a hearing on the misdemeanor crimes, he had been told his court appearance had been cancelled. In concluding that the trial court could not order pretrial detention without finding that his failure to appear was willful, we cited to
 
 Lee v. State,
 
 956 So.2d 1292 (Fla. 4th DCA 2007);
 
 Johnson v. Jenne,
 
 913 So.2d 740 (Fla. 4th DCA 2005); and
 
 Winters v. Jenne,
 
 765 So.2d 54 (Fla. 4th DCA 1999). In each of those cases, as in
 
 Blair,
 
 the accused had offered some innocent explanation for his or her failure to appear.
 

 Winters
 
 relied on
 
 Malave v. State,
 
 727 So.2d 1002 (Fla. 4th DCA 1999), where the defendant failed to appear because the person taking the defendant to his court appearance took a detour, causing the defendant to be late.
 
 Malave
 
 cited to
 
 Wilson v. State,
 
 669 So.2d 312, 313 (Fla. 5th DCA 1996), where the court said: “Generally, if there is a failure to appear, the court may simply commit a defendant to custody without determining whether conditions of release are appropriate. However, implicit in the rule [Fla. R.Crim. P. 3.131(g) ] is that the failure to appear occurred after reasonable notice, and was willful.” In
 
 Wilson
 
 as well as all of the foregoing cases, the
 
 defendant
 
 presented a genuine issue as to whether the defendant’s failure to appear was willful or a result of other causes, such as lack of service on the defendant of the notice of arraignment.
 

 Given the fact that all of the cases discussing the necessity of a finding of willfulness involved circumstances where the defendant offered an explanation to excuse his or her failure to appear, we understand
 
 Blair
 
 ⅛ requirement of a willfulness finding to apply where the accused puts at issue the deliberate nature of the failure to appear. Where the accused fails or refuses to explain his or her absence, he or she has essentially conceded that the failure to appear is not excusable and is willful.
 

 In this case, petitioner made no attempt to excuse her failure to appear. The subject was not even mentioned at the hearing. Therefore, the fact that the court did not pronounce her failure to appear as willful does not violate any constitutional provision, statute, or rule, where the issue was not presented to the court.
 

 Nevertheless, we must grant the petition because the trial court failed to make a finding that pretrial detention was necessary to assure her appearance at trial.
 
 See Blair,
 
 15 So.3d at 759 (holding that the trial court improperly ordered pretrial detention without finding that “no conditions of release can reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process”). Instead, the trial court explained that a bond was not appropriate where the petitioner had failed to appear twice in the past to answer for charges against her, in addition to her current failure to appear. This might be tantamount to a finding that no reasonable conditions would secure her presence, but on this record we will not make that assumption. The original bond on this crime was small. The record contains little about the circumstances surrounding the prior failures to appear. A larger bond might secure her appearance. We are reluctant to deprive petitioner of her constitutional right to pretrial release unless the court makes the required constitutional
 
 *748
 
 finding that no reasonable conditions can assure her presence at trial. We grant the petition and remand the case to the trial court to make that determination.
 

 Petition granted.
 

 HAZOURI and MAY, JJ., concur.