PER CURIAM.
Niklas Prokopishen petitions this court for a writ of habeas corpus, challenging *1047 the trial court’s revocation of bond and denial of his two motions to reinstate after he failed to appear for a hearing on his retained counsel’s motion to withdraw. We grant the petition only in part.
Defendant testified that he did not appear because he did not receive actual notice of the hearing; the withdrawing attorney had not telephoned him — counsel’s usual means of communication — to notify him of the hearing, nor had counsel sent notice of hearing to the West Palm Beach address which Defendant had on file with the clerk of the court, and which Defendant testified he had furnished to counsel. (According to his motion to reinstate, counsel had sent the notice to an address in Boca Raton which had been Defendant’s mother’s address when she retained counsel for Defendant, but from which counsel knew his mother had moved a few weeks later.) Had counsel used the address on file with the clerk, Defendant testified, the notice would have been forwarded to another address which he had provided to the post office, and he would have received it.
The trial court did not find Defendant’s testimony to be credible; the judge’s comments, however, focused on his testimony, and that of his witness, that he had physically moved twice after being released on bond without advising the trial court, the lower tribunal clerk, the bondsman, or his then counsel of his current whereabouts.
It is not clear whether the trial court refused to reinstate Defendant’s bond because it found his failure to appear actually was willful, or because, as the state argues in its response, it found that his failure to keep the court, the clerk of court, his attorney, and his bondsman apprised of his whereabouts constituted a willful “breach of the undertaking.” Fla. R. Crim. P. 3.131(e)(2) & (g). However, no evidence was presented that Defendant had been instructed that keeping the foregoing advised of his whereabouts was a condition of his release. Furthermore, the trial court did not make findings “that no conditions of release can reasonably protect the community from risk of physical harm to persons or assure the presence of the accused at trial,” a requirement of pretrial detention under section 907.041(4)(c)7. Florida Statutes (2010).
“Pretrial detention may not be ordered based on a failure to appear unless the court finds that the failure to appear was willful.” State v. Blair, 39 So.3d 1190, 1191 (Fla.2010) (emphasis added). Second, even when a breach of the condition is willful, in order to hold the defendant without bond, the trial court still must make further findings that “no conditions of release can reasonably protect the community from risk of physical harm to persons [or] assure the presence of the accused at trial.” Bannister v. Lamberti, 32 So.3d 745, 747 (Fla. 4th DCA 2010) (citing Blair v. State, 15 So.3d 758, 759 (Fla. 4th DCA 2009), approved, 39 So.3d 1190 (Fla.2010)).
We therefore grant the petition for writ of habeas corpus, but only to the extent of remanding to the trial court to set an expedited hearing to determine (1) whether Defendant willfully violated a condition of his pretrial release, and (2) whether there are any reasonable conditions of release which would assure Defendant’s presence at trial.

Petition granted in part; case remanded for an expedited hearing.

MAY, C.J., TAYLOR and LEVINE, JJ„ concur.