PER CURIAM.
*133 Christopher Haggan petitions for an emergency writ of habeas corpus, challenging his pretrial detention without bond. We grant the petition and remand for further proceedings.
Haggan was initially granted and posted bond after his arrest. However, he failed to appear at a trial management conference and the court issued a capias. Almost one month later, Haggan turned himself in and moved to set bond in a facially sufficient motion, alleging, among other things, that his failure to appear was unintentional. The next day, the trial court denied Haggan's motion without a hearing and without making any findings.
In his petition, Haggan argues that the trial court was required to hold a hearing to determine whether his failure to appear was willful, as well as whether any reasonable conditions of release would ensure his future appearances. The State agrees that the trial court should have granted a hearing on Haggan's motion.
After a defendant fails to appear, if he seeks bond and claims that his failure was unintentional, the court must hold a hearing. The court must then determine whether the failure was willful, and whether any reasonable conditions of pretrial release exist. See, e.g., Prokopishen v. State, 82 So.3d 1046, 1047 (Fla. 4th DCA 2011) (citing State v. Blair, 39 So.3d 1190, 1191 (Fla. 2010) ). Florida Rule of Criminal Procedure 3.131(c) addresses Haggan's precise situation, providing that a defendant who at first fails to appear and then "voluntarily appears or surrenders" will not be eligible for a recognizance bond if the failure to appear was "willfully and knowingly" done. In this case, the factual question of Haggan's intent remains unresolved, and the trial court will need to hear that issue to decide it. See Blair, 39 So.3d at 1194-95 ; Harvey v. State, 238 So.3d 353, 354-55 (Fla. 3d DCA 2017) (concerning defendant who was released on bond and failed to appear the day after Hurricane Irma); Prokopishen, 82 So.3d at 1047. Therefore, we grant the petition and remand for the trial court to conduct a hearing and determine whether Haggan's failure to appear was willful.
PETITION GRANTED.
TORPY, BERGER, and HARRIS, JJ., concur.