669 So.2d 312 (1996)
Tausha L. WILSON, Petitioner,
v.
STATE of Florida, et al., Respondent.
No. 96-572.
District Court of Appeal of Florida, Fifth District.
March 8, 1996.
*313 Stanley E. Halbert, of Sweeting, Halbert & Essien, P.A., Orlando, for Petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Belle Turner, Assistant Attorney General, Daytona Beach, for Respondent.
ANTOON, Judge.
Petitioner seeks a writ of habeas corpus, claiming that she was improperly committed to custody after her pre-trial bail was revoked. The trial court revoked bail and issued a capias for petitioner's arrest when she failed to appear for a rescheduled trial. Petitioner, though, claims her failure to appear was not willful.
Petitioner alleges that she attended trial docket calls on February 26, 27, and 28, 1996. On February 27, 1996 at approximately 10:45 a.m. petitioner was directed in open court to return for the start of her trial at 9:30 a.m. on February 28, 1996, at which time petitioner was excused and left the court. Approximately one half hour later, the trial judge changed his mind and directed counsel to have petitioner present for trial at 2:30 p.m. that afternoon. Because petitioner does not have a home phone, petitioner's counsel contacted a relative at 11:30 a.m. Petitioner, though, claims she did not receive notice of the rescheduled trial until 3:30 p.m. on February 27, 1996. At 2:45 p.m., the trial court issued a capias for petitioner. Petitioner's counsel represents that he objected to the issuance of said capias and the assistant state attorney assigned to the case indicated her concern that no willfulness had been exhibited in petitioner's failure to appear.
On February 28, 1996 at 9:30 a.m. petitioner appeared for trial, and the trial court ordered the capias executed and committed her to custody, without allowing petitioner or her counsel to address the issue of whether her failure to appear was knowing and willful.
Under these circumstances, we feel the trial court abused its discretion in committing petitioner to custody. In this case, the applicable rule is Florida Rule of Criminal Procedure 3.131(g), since the court committed petitioner to custody prior to trial. Generally, if there is a failure to appear, the court may simply commit a defendant to custody without determining whether conditions of release are appropriate. However, implicit in the rule is that the failure to appear occurred after reasonable notice, and was willful. In the instant case, there was a legitimate issue as to whether petitioner's failure to appear was knowing and willful. Since the capias was not executed until petitioner appeared in court on February 28, 1996, the judge at that time could have made the necessary factual inquiry to determine if commitment was necessary. We therefore grant the petition for writ of habeas corpus, *314 quash the commitment, and reinstate petitioner's pre-trial bail.
PETITION GRANTED.
W. SHARP and GOSHORN, JJ., concur.