754 So.2d 109 (2000)
Theodore Earl BRADSHAW, Petitioner,
v.
Kenneth JENNE, as Sheriff of Broward County, Respondent.
No. 4D99-3641.
District Court of Appeal of Florida, Fourth District.
March 15, 2000.
*110 Scott Hecker of H. Scott Hecker, P.A., Fort Lauderdale, for petitioner.
No response required from respondent.
STONE, J.
We deny this petition for a writ of habeas corpus. The trial court denied Bradshaw pre-trial bond after his failure to appear, without formally determining whether there were any conditions of release that would assure his appearance for trial.
Bradshaw is facing charges involving aggravated fleeing and eluding. He failed to appear for his arraignment. The trial court held a hearing on a motion to set a new bond. Upon questioning by the court, Bradshaw admitted that he knew he had a court date. He also acknowledged that his attorney never told him not to show up.
The court, after hearing testimony about Bradshaw's lack of assets and his ties to the community, ruled that it was "not letting him out. I don't think that he intended to be here." The court stated further, "I don't think he cared to be here. I think he avoided coming to court. I'm denying any bond at this point."
Persons charged with crimes are entitled to pretrial release on reasonable conditions unless no conditions of release can reasonably protect the community from harm, assure the presence of the accused at trial, assure the integrity of the judicial process, or unless the accused is charged with a capital or life offense and the proof of guilt is evident or the presumption is great. Elderbroom v. Knowles, 621 So.2d 518, 520 (Fla. 4th DCA 1993); Fla. R.Crim. P. 3.131(a). However, a defendant who violates the conditions of bail by failing to appear may be subject to revocation of bail and commitment to custody. *111 See Fla. R.Crim. P. 3.131(g); Wilson v. State, 669 So.2d 312 (Fla. 5th DCA 1996).
We note that in Malave v. State, 727 So.2d 1002 (Fla. 4th DCA 1999), this court, citing Wilson, granted a writ of habeas corpus where the trial court, in revoking a defendant's bond based on his failure to appear, did not make a finding that the failure to appear was willful. In Wilson, the court observed that where a defendant on pretrial bond fails to appear, "the court may simply commit a defendant to custody without determining whether conditions of release are appropriate. However, implicit in the rule is that the failure to appear occurred after reasonable notice, and was willful." 669 So.2d at 313.
In Winters v. Jenne, 24 Fla. L. Weekly D1387, ___ So.2d ___, 1999 WL 393678 (Fla. 4th DCA June 11, 1999), in which the defendant's pretrial bond was revoked based on a failure to appear at her scheduled arraignment, this court found insufficient evidence of willfulness and remanded for reconsideration of the issue. The court directed the trial court to "also consider whether any conditions of release are reasonably likely to assure her appearance at subsequent proceedings, and if appropriate, to reinstate bail with such necessary conditions." Id. at D1387, at ___. In Winters, we did not address whether those two issues are to be considered in the alternative (that is, if there was no willfulness, then the court should consider whether any conditions would assure Defendant's future appearance), or whether both criteria must be considered, even where the failure to appear is found to be willful.
The purpose of bail is to secure the defendant's appearance for trial. Once the defendant failed to appear and the court held a hearing, found that the failure was willful, and denied further bail, it is implicit from the court's statements that the trial court concluded that the defendant was a threat not to appear for trial and that no conditions of pretrial release would reasonably assure the defendant's presence. We do not read Winters as requiring more.[1] We have considered Martinez v. State, 715 So.2d 1024 (Fla. 4th DCA 1998), but note that in that case, there was no indication or determination that the defendant's failure to appear was willful. In fact, the trial court found that "for the most part, he shows for his tickets but he doesn't bother to pay them...."
We cannot say that the trial court abused its discretion in making its finding of willful failure to appear. Bradshaw admitted that he knew he had a court date and that he was not told by counsel not to show up. Therefore, the petition is denied.
GUNTHER, J., concurs.
TAYLOR, J., dissents with opinion.
TAYLOR, J., dissenting.
I respectfully dissent. Like the majority, I do not find any abuse of discretion in the court's determination of willfulness. However, I disagree that a finding of willfulness, without more, is sufficient to deny bond without following the requirements of Florida Rules of Criminal Procedure 3.131 and 3.132 and the statutory criteria for pretrial detention.
In this case, after finding that the petitioner willfully failed to appear for arraignment, the trial court refused to set a higher bond or impose additional conditions of release. Instead, the court ordered petitioner detained without any bail pending trial. The order denying petitioner's motion to reinstate bond was issued without express findings that there were no conditions *112 of release that could reasonably assure the petitioner's presence at trial. Furthermore, the order did not contain factual findings and conclusions of law in support of pretrial detention, as required by Florida Rule of Criminal Procedure 3.132(c)(2) and section 907.041(4), Florida Statutes (1997). The state did not request a no-bond hold and did not prove, beyond a reasonable doubt, any of the section 907.041 criteria.
This court has consistently held that a denial of bond after a bond revocation must be based on a showing of the need for pretrial detention, pursuant to the criteria in section 907.041, Florida Statutes, and rules 3.131 and 3.132. Rix v. Jenne, 728 So.2d 827 (Fla. 4th DCA 1999); Paul v. Jenne, 728 So.2d 1167 (Fla. 4th DCA 1999); Lepore v. Jenne, 708 So.2d 980 (Fla. 4th DCA 1998); Blackman v. State, 707 So.2d 820 (Fla. 4th DCA 1998); Surdovel v. Jenne, 706 So.2d 115 (Fla. 4th DCA 1998); Dupree v. Cochran, 698 So.2d 945 (Fla. 4th DCA 1997); Metzger v. Cochran, 694 So.2d 842 (Fla. 4th DCA 1997); Merdian v. Cochran, 654 So.2d 573 (Fla. 4th DCA 1995).
Rule 3.131(g) gives the trial court the authority to arrest and commit a defendant at large on bail when he or she breaches a bond condition. However, if the defendant applies to be admitted to bail after recommitment, rule 3.131(h) requires the court to determine conditions of release subject to the criteria set out in rule 3.131(b). Rule 3.131(h) states:
If the defendant applies to be admitted to bail after recommitment, the court that recommitted the defendant shall determine conditions of release, if any, subject to the limitations of (b) above.
(Emphasis supplied).
The majority opinion holds that where a court finds a willful failure to appear and then denies bond, implicit in that ruling is the court's conclusion that no conditions will assure the defendant's presence. In other words, a summary denial of bond, after a finding of willful failure to appear, is sufficient confirmation that the trial court has engaged in the appropriate bond determination analysis before ruling. I disagree. Absent a record that reflects what factors the court relied upon in finding no acceptable release conditions, the petitioner is deprived of any meaningful review of the trial court's bond decision. See Fla. R.Crim. P. 3.131(d)(3).
Additionally, a defendant who is denied bail is placed under pretrial detention without an order reviewable under rule 3.132(c)(4). Rule 3.132(c)(2) provides:
(2) Findings and Conclusions to Be Recorded. The court's pretrial detention order shall be based solely on evidence produced at the hearing and shall contain findings of fact and conclusions of law to support it. The order shall be made either in writing or orally on the record. The court shall render its findings within 24 hours of the pretrial detention hearing.
Contrary to the Metzger and Merdian line of cases, the majority opinion allows the trial court to dispense with the need to make specific findings for pretrial detention. The majority, however, distinguishes Metzger and Merdian because they involved defendants who breached bond conditions by committing new crimes, rather than by failing to appear for court proceedings. According to the majority opinion, a defendant who breaches his bond undertaking by failing to appear can be treated by a different standard of bond review. However, the rules governing bond reconsideration for recommitted defendants do not distinguish between these two types of bond violations; nor does the pretrial detention statute.
Although, as the majority points out, the traditional purpose of bail is to secure the defendant's appearance for trial, the legislature has recognized that protection of the community is equally, if not more, important in bail determinations. Section 907.041 sets forth the legislative intent to protect the safety of the community, as *113 well as assure the presence of the accused at trial.[2] Thus, a defendant who commits a new crime while out on bond can be held without bond just as defendant who fails to appear for a court proceeding. There are factors set forth in section 907.041(4)(b)4 that the court can apply to either type of bond violation when denying bond.[3] For instance, a defendant who commits a new crime while out on bond can be detained without bail pursuant to the factors set forth in section 907.041(4)(b)4. A defendant who fails to appear for a court proceeding, such as the defendant in this case, can be denied bail under section 907.041(4)(b)1, upon a finding that the defendant "has previously violated conditions of release and that no further conditions of release are reasonably likely to assure the defendant's appearance at subsequent proceedings."
Under either scenario, whether a defendant has breached bond conditions by committing a new crime or by failing to appear for a court proceeding, the trial court should engage in the analysis we set out in Metzger and Merdian. At a minimum, the trial court should consider the bond criteria in rule 3.131(b), as required by rule 3.131(h). Further, the record should reflect such consideration by the trial court to enable this court to conduct a meaningful habeas review.
For these reasons, I believe that our opinion in Winters v. Jenne, 24 Fla. L. Weekly D1387, ___ So.2d ___, 1999 WL 393678 (Fla. 4th DCA June 11, 1999) should be interpreted as having instructed the trial court, on remand, to consider whether the defendant willfully failed to appear for her arraignment, and upon a finding of willfulness, to "also consider whether any conditions of release are reasonably likely to assure her appearance at subsequent proceedings, and if appropriate, to reinstate bail with such necessary conditions."
Unquestionably, a trial court has the authority to revoke a defendant's bond upon a willful bond violation. By breaching a bond condition, the defendant has forfeited the right to continued release under the terms of the initial bond. However, our rules permit the defendant to apply for new bail. In ruling on the application, *114 the court can, in its discretion, impose the release alternatives listed in rule 3.131(b)(1), including setting a higher bond and/or more stringent conditions of release, or it can deny bail. However, before denying the constitutionally guaranteed right to bail, the court must follow the dictates of the legislature, which specifically delineated those circumstances under which bond may be denied altogether.[4]
In sum, I do not agree that a denial of bond upon a finding of willful failure to appear, absent factual findings based on appropriate criteria, is sufficient to satisfy the procedural rules and statutory requirements governing bond denial. Accordingly, I would grant the petition for writ of habeas corpus and remand for further bond proceedings.
NOTES
[1] We have considered, but do not address, Metzger v. Cochran, 694 So.2d 842 (Fla. 4th DCA 1997), and Merdian v. Cochran, 654 So.2d 573 (Fla. 4th DCA 1995), as those cases concern defendants who violate the pretrial condition of refraining from criminal activity. The instant case concerns a defendant's failure to appear as a basis for denying or revoking bond.
[2] See § 907.041(1), Fla. Stat. (1997): "It is the intent of the Legislature that the primary consideration be the protection of the community."
[3] Section 907.041(4)(b) states:

(b) The court may order pretrial detention if it finds a substantial probability, based on a defendant's past and present patterns of behavior, the criteria in s. 903.046, and any other relevant facts, that:
1. The defendant has previously violated conditions of release and that no further conditions of release are reasonably likely to assure the defendant's appearance at subsequent proceedings;
2. The defendant, with the intent to obstruct the judicial process, has threatened, intimidated, or injured any victim, potential witnesses, juror, or judicial officer, or has attempted or conspired to do so, and that no conditions of release will reasonably prevent the obstruction of the judicial process;
3. The defendant is charged with trafficking in controlled substances as defined by s. 893.135, that there is a substantial probability that the defendant has committed the offense, and that no conditions of release will reasonably assure the defendant's appearance at subsequent proceedings; or
4. The defendant poses the threat of harm to the community. The court may so conclude if it finds that the defendant is presently charged with a dangerous crime, that there is a substantial probability that the defendant committed such crime, that the factual circumstances of the crime indicate a disregard for the safety of the community, and that there are no conditions of release reasonably sufficient to protect the community from the risk of physical harm to persons. In addition, the court must find that at least one of the following conditions is present:
i. The defendant has previously been convicted of a crime punishable by death or life imprisonment.
ii. The defendant has been convicted of a dangerous crime within the 10 years immediately preceding the date of his or her arrest for the crime presently charged.
iii. The defendant is on probation, parole, or other release pending completion of sentence or on pretrial release for a dangerous crime at the time of the current arrest.
(Emphasis supplied).
[4] The rules implementing the pretrial detention statute do not appear to limit these procedures to the initial bond determination, because they provide that "a motion for pretrial detention may be filed at any time prior to trial." Fla. R.Crim. P. 3.132(b).