WARNER, C.J.
The petitioner was arrested for possession of cannabis with intent to deliver in December 1999, and bond was set at $1,000. While petitioner had appeared at seven prior hearings before the court, he failed to appear at a hearing on October 18, 2000, and' the trial court issued a capi-as. Petitioner surrendered to authorities on October 22, 2000. He filed a motion for bond and to set aside the estreature of his original bond. In his motion, he alleged that he had thought that the hearing was on October 19 and had arranged to take a day off work on that day. This was supported by a letter from his employer. The motion also recited his long ties to the community, the fact that he owned his home with his wife, his current employment, and the fact that he has no prior criminal record.
When the matter came before the court, the court denied the motions without making any findings regarding whether the violation was willful. See Malave v. State, 727 So.2d 1002 (Fla. 4th DCA 1999); Wilson v. State, 669 So.2d 312 (Fla. 5th DCA 1996). The court also did not make a finding that no conditions of release could protect the community from harm or assure petitioner’s presence at trial. See § 907.041(4)(c)7., Fla. Stat. (2000). The motion was denied by the court without permitting argument or evidence to be presented.
We therefore grant the petition and remand to the trial court to set an expedited hearing to determine whether the violation was willful, and if not, to reinstate the bond. If the court finds the violation was willful, it must determine whether there are reasonable conditions of release that would protect the community and would assure petitioner’s presence at trial.
KLEIN and SHAHOOD, JJ., concur.