961 So.2d 1093 (2007)
Antwan RICKS, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D07-2112.
District Court of Appeal of Florida, Fifth District.
July 27, 2007.
Michael D. Dicembre, Orlando, for Petitioner.
Bill McCollum, Attorney General, Tallahassee, and Bonnie Jean Parrish, Assistant Attorney General, Daytona Beach, for Respondent.
EVANDER, J.
Petitioner seeks the issuance of a writ of habeas corpus as a result of the trial court's failure to hold a hearing on his renewed motion to set new bond. We deny the writ.
The trial court issued a capias for petitioner's arrest after he failed to appear for his pre-trial conference. The capias provided that petitioner was to be held without bond. Petitioner subsequently surrendered himself voluntarily to the Orange County Jail. Petitioner then filed a motion to set aside the bond forfeiture and to reinstate the previously posted bond or, in the alternative, a motion to set a new bond. In his motion, petitioner alleged "his non-appearance was not the product of a willful decision on his part to disobey a directive by this Court, but rather the product of oversight and poor communication with the Office of the Public Defender." This motion, as well as petitioner's renewed motion to set a new bond, was denied without a hearing. The trial court's written order included the notation "multiple prior F.T.A.s."
Generally, if there is a failure to appear, the court may simply commit a defendant to custody without determining whether conditions of release are appropriate. Wilson v. State, 669 So.2d 312, 313 (Fla. 5th DCA 1996). However, if a defendant alleges "a legitimate issue as to whether [his] failure to appear was knowing and willful," a trial court is required to conduct a hearing to determine that issue. *1094 Id. At this hearing, the defendant would have the burden of establishing that his failure to appear was not willful.
We conclude petitioner's vague allegation that his failure to appear was "the product of oversight and poor communication" is insufficient to require the trial court to conduct a hearing on petitioner's motion. Our denial of the petition for writ of habeas corpus is without prejudice to petitioner filing a new motion with the trial court alleging sufficient facts to support a finding that his failure to appear was not willful.
WRIT DENIED.
PALMER, C.J. and TORPY, J., concur.