GROSS, C.J.
 

 The trial court ordered petitioner, Arthur Blair, held without bond after he failed to appear for a court date on a felony DUI charge. Blah* had never been arrested on the felony charge and he did not receive notice of the court date. Blair had been arrested for misdemeanor DUI and appeared at a scheduled court date for that charge. At that time, he was advised that the court appearance had been can-celled and that the misdemeanor case had been nolle prossed. Unbeknownst to Blair, the state had filed an information charging felony DUI, but the uncontested evidence at the bond hearing showed that Blair did not receive notice of the felony charge.
 

 The trial court did not find the failure to appear to be willful. The record is devoid of evidence to suggest that petitioner willfully failed to appear. Pretrial detention may not be ordered based on a failure to appear unless the court finds that the failure to appear was willful.
 
 See Lee v. State,
 
 956 So.2d 1292 (Fla. 4th DCA 2007);
 
 Johnson v. Jenne,
 
 913 So.2d 740 (Fla. 4th DCA 2005);
 
 Winters v. Jenne,
 
 765 So.2d 54 (Fla. 4th DCA 1999).
 

 Further, the trial court improperly ordered pretrial detention without finding that “no conditions of release can reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process.” Art. I, § 14, Fla. Const. A pretrial detention order must contain findings of fact and conclusions of law showing that the constitutional and statutory criteria for pretrial detention are met.
 
 See
 
 Fla. R.Crim. P. 3.132(c)(2); § 907.041(4)(i), Fla. Stat. (2008).
 

 This court’s decision in
 
 Bradshaw v. Jenne,
 
 754 So.2d 109, 110-11 (Fla. 4th DCA 2000), predates the Florida Supreme
 
 *760
 
 Court’s decision in
 
 State v. Paul,
 
 783 So.2d 1042 (Fla.2001). In
 
 Paid,
 
 the supreme court agreed with Judge Taylor’s dissent in
 
 Bradshaiv. See id.
 
 at 1049 n. 11. Pretrial detention based on a violation of a bond condition, other than the commission of a new offense while on pretrial release, is subject to the requirements of section 907.041, Florida Statutes.
 
 See
 
 § 907.041(4)(c)7, Fla. Stat. (2008) (requiring a court ordering pretrial detention based on a violation of a pretrial release condition to find that “no conditions of release can reasonably protect the community from risk of physical harm to persons or assure the presence of the accused at trial”).
 
 Cf.
 
 § 903.0471, Fla. Stat. (2008) (permitting court to order pretrial detention when it finds probable cause to believe defendant committed a new offense while on pretrial release);
 
 Parker v. State,
 
 843 So.2d 871, 878 (Fla.2003) (finding section 903.0471 constitutional and suggesting that an Article I, section 14 finding is not required when probable cause is found that defendant committed a new offense while on pretrial release).
 

 Although a trial court has discretion in setting reasonable pretrial release conditions, a trial court’s authority to order pretrial detention is circumscribed by the state constitution and relevant statutes.
 
 Paul
 
 makes clear that these requirements apply even where a defendant has violated pretrial release conditions, such as through a failure to appear. 783 So.2d at 1051.
 
 Paul
 
 effectively overruled the majority’s analysis in
 
 Bradshaiv,
 
 which permitted a court to order pretrial detention following a finding of a willful failure to appear without also finding that the constitutional and statutory criteria for pretrial detention were met.
 

 The court in
 
 Ricks v. State,
 
 961 So.2d 1093, 1093-94 (Fla. 5th DCA 2007), appears to have relied on
 
 pre-Paul
 
 cases to reach the same conclusion as
 
 Bradshaw,
 
 that a court may order pretrial detention based solely on a finding of a willful failure to ajapear “without determining whether conditions of release are appropriate.”
 
 Id.
 
 (citing
 
 Wilson v. State,
 
 669 So.2d 312, 313 (Fla. 5th DCA 1996)). We certify conflict with this aspect of
 
 Ricks.
 

 '
 
 The petition for writ of habeas corpus is granted and the trial court shall hold a bond hearing and release the defendant on reasonable conditions unless the court determines that the failure to appear was willful and that “no conditions of release can reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process.” Art. I, § 14, Fla. Const.; § 907.041(4)(c)7, Fla. Stat. (2008);
 
 Paul,
 
 783 So.2d at 1042.
 
 [1]
 

 POLEN and STEVENSON, JJ., concur.
 

 [1]
 

 . The petition for writ of habeas corpus was previously granted by order of June 29, 2009, with opinion to follow.