*1191
 
 PER CURIAM.
 

 This case is before the Court for review of the decision of the Fourth District Court of Appeal in
 
 Blair v. State,
 
 15 So.3d 758 (Fla. 4th DCA 2009). The district court certified that its decision is in direct conflict with the decision of the Fifth District Court of Appeal in
 
 Ricks v. State,
 
 961 So.2d 1093 (Fla. 5th DCA 2007), as to whether a trial court may order pretrial detention based solely on a finding that the defendant’s failure to appear was willful without determining whether conditions of release are appropriate as delineated in section 907.041, Florida Statutes (2008). We have jurisdiction.
 
 See
 
 art. V, § 3(b)(4), Fla. Const.
 

 FACTS
 

 The facts of the underlying case are set out in the Fourth District’s opinion in
 
 Blair:
 

 The trial court ordered petitioner, Arthur Blair, held without bond after he failed to appear for a court date on a felony DUI charge. Blair had never been arrested on the felony charge and he did not receive notice of the court date. Blair had been arrested for misdemeanor DUI and appeared at a scheduled court date for that charge. At that time, he was advised that the court appearance had been cancelled and that the misdemeanor case had been nolle prossed. Unbeknownst to Blair, the state had filed an information charging felony DUI, but the uncontested evidence at the bond hearing showed that Blair did not receive notice of the felony charge.
 

 The trial court did not find the failure to appear to be willful. The record is devoid of evidence to suggest that petitioner willfully failed to appear. Pretrial detention may not be ordered based on a failure to appear unless the court finds that the failure to appear was willful.
 
 See Lee v. State,
 
 956 So.2d 1292 (Fla. 4th DCA 2007);
 
 Johnson v. Jenne,
 
 913 So.2d 740 (Fla. 4th DCA 2005);
 
 Winters v. Jenne,
 
 765 So.2d 54 (Fla. 4th DCA 1999).
 

 Further, the trial court improperly ordered pretrial detention without finding that “no conditions of release can reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process.” Art. I, § 14, Fla. Const. A pretrial detention order must contain findings of fact and conclusions of law showing that the constitutional and statutory criteria for pretrial detention are met.
 
 See
 
 Fla. R.Crim. P. 3.132(c)(2); § 907.041(4)(i), Fla. Stat. (2008).
 

 Id.
 
 at 759. The Fourth District then certified conflict between its decision in
 
 Blair
 
 and the Fifth District’s decision in
 
 Ricks.
 
 We accepted jurisdiction.
 
 [1]
 
 The issue posed in the present case constitutes a
 
 *1192
 
 pure question of law and is subject to the de novo standard of review.
 
 Insko v. State,
 
 969 So.2d 992, 997 (Fla.2007).
 

 LAW AND ANALYSIS
 

 Our criminal justice system is based on the presumption that every person charged with a crime is innocent until proven guilty.
 
 See, e.g., Coffin v. United States,
 
 156 U.S. 432, 453, 15 S.Ct. 394, 39 L.Ed. 481 (1895). Article I, section 14 of Florida’s Constitution gives effect to the presumption of innocence and addresses pretrial detention and release:
 

 Unless charged with a capital offense or an offense punishable by life imprisonment and the proof of the guilt is evident or the presumption is great, every person charged with a crime of violation of municipal or county ordinance shall be entitled to pretrial release on reasonable conditions. If no conditions of release can reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process, the accuse may be detained.
 

 Id.
 
 This sentiment also resonates in Florida Rule of Criminal Procedure 3.131, which states in relevant portion:
 

 (a)
 
 Right to Pretrial Release.
 
 Unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great, every person charged with a crime or violation of municipal or county ordinance shall be entitled to pretrial release on reasonable conditions.... If no conditions of release can reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process, the accused may be detained.
 

 Fla. R.Crim. P. 3.131(a). Based on the above, it is clear that there is a presumption in favor of release. In keeping with the presumption in favor of release, Florida’s Legislature provided comprehensive guidelines for when an original application for bail may be denied as codified in section 907.041, Florida Statutes (2008). Before a trial court may order pretrial detention, one of the statutory bases must be satisfied. Section 907.041(4)(c)(7) lists criteria that must be used in making a pretrial detention determination, which, in relevant portion, provides:
 

 (c) The court may order pretrial detention if it finds a substantial probability, based on a defendant’s past and present patterns of behavior, the criteria in s. 903.046, and any other relevant facts, that any of the following circumstances exists:
 

 [[Image here]]
 

 7. The defendant has violated one or more conditions of pretrial release or bond for the offense currently before the court and the violation, in the discretion of the court, supports a finding that no conditions of release can reasonably protect the community from risk of physical harm to persons or assure the presence of the accused at trial.
 

 § 907.041(4)(c)(7), Fla. Stat. (2008). Additionally, section 907.041 also prescribes a set of procedures relating to pretrial detention. Some of those procedures have also been codified in Florida Rule of Criminal Procedure 3.132, which states in relevant portion, “The court’s pretrial detention order shall be based solely on evidence produced at the hearing and shall contain findings of fact and conclusions of law to support it. The order shall be made either in writing or orally on the record.” Fla. R.Crim. P. 3.132(c)(2). However, there is no suggestion in either section 907.041 or in the procedural rule
 
 *1193
 
 that a trial court’s finding of the defendant’s willful failure to appear alone is sufficient to order pretrial detention.
 

 In the past, Florida courts generally held that “if there is a failure to appear, the court may simply commit a defendant to custody without determining whether conditions of release are appropriate. However, implicit in the rule is that the failure to appear occurred after reasonable notice, and was willful.”
 
 Wilson v. State,
 
 669 So.2d 312, 313 (Fla. 5th DCA 1996). Similarly, the Fourth District applied this general rule
 
 Bradshaw v. Jenne,
 
 754 So.2d 109 (Fla. 4th DCA 2000).
 

 In recent years, this Court has receded from the general rule that a trial court may order pretrial detention based solely on the defendant’s willful failure to appear. In
 
 State v. Paul,
 
 783 So.2d 1042 (Fla.2001), we accepted discretionary review to address whether a trial court has the inherent authority to deny a subsequent application for bail after a defendant breaches a bond condition, or whether the trial court’s discretion to deny a subsequent application for bail is circumscribed by the parameters established by the Legislature in section 907.041. We adopted the Fourth District’s reasoning as explained in
 
 Paul v. Jenne,
 
 728 So.2d 1167 (Fla. 4th DCA 1999), stating:
 

 [T]he court’s authority to deny bond pending trial is circumscribed by the provisions of Florida Statute section 907.041. The legislature has specifically delineated and narrowly limited those circumstances under which bond may be denied. We have no difficulty divining the legislative intent to curtail the court’s power to deny bail, except in certain instances, in light of the constitutionally guaranteed right to bail. To effectuate its express policy of assuring the detention of “those persons posing a threat to the safety of the community or the integrity of the judicial process,” the legislature enacted a pretrial detention statute which sets forth a comprehensive list of conditions that will qualify a defendant for detention without bail. By providing clear and reasonable guidelines for courts to follow in considering denial of this basic and fundamental right, the legislature may very well have been motivated by a desire to achieve uniformity and fairness in judicial determinations of bail entitlement, as well as to provide trial courts with a means of identifying persons whose criminal histories and patterns of behavior signal a danger to society.
 

 Paul,
 
 783 So.2d at 1051 (quoting
 
 Paul v. Jenne,
 
 728 So.2d at 1171-72).
 

 Notwithstanding our decision in
 
 Paul,
 
 the Fifth District recently opined that a trial court may commit a defendant to custody based solely on the defendant’s failure to appear without determining whether conditions of release are appropriate.
 
 See Ricks v. State,
 
 961 So.2d 1093 (Fla. 5th DCA 2007). The facts of
 
 Ricks,
 
 as set out in the Fifth District’s opinion, are as follows:
 

 The trial court issued a capias for petitioner’s arrest after he failed to appear for his pre-trial conference. The capias provided that petitioner was to be held without bond. Petitioner subsequently surrendered himself voluntarily to the Orange County Jail. Petitioner then filed a motion to set aside the bond forfeiture and to reinstate the previously posted bond or, in the alternative, a motion to set a new bond. In his motion petitioner alleged “his non-appearance was not the product of a willful decision on his part to disobey the directive by this Court, but rather the product of an oversight and poor communication with the Office of the Public Defender.” This motion, as well as petitioner’s renewed
 
 *1194
 
 motion to set a new bond, was denied without a hearing. The trial court’s written order included the notation “multiple prior F.T.A.’s.”
 

 Id.
 
 at 1093. As a result, Ricks filed a petition for habeas corpus in the Fifth District. The Fifth District failed to rely on or even acknowledge existing precedent as set out in this Court’s decision in
 
 Paul.
 
 Instead, the Fifth District relied on
 
 Wilson.
 

 [2]
 

 “Generally, if there is a failure to appear, the court may simply commit a defendant to custody without determining whether conditions of release are appropriate.”
 
 Ricks,
 
 961 So.2d at 1098 (citing
 
 Wilson,
 
 669 So.2d at 313). “However, if a defendant alleges ‘a legitimate issue as to whether [his] failure to appear was knowing and willful,’ a trial court is required to conduct a hearing to determine that issue.”
 
 Ricks,
 
 961 So.2d at 1093 (quoting
 
 Wilson,
 
 669 So.2d at 313). The Fifth District concluded that Ricks’ allegations did not present any legitimate issue — as to whether his failure to appear was willful or knowing— that would require the trial court to conduct a hearing. As a result, the Fifth District denied Ricks’ petition for habeas corpus.
 
 Id.
 
 at 1094.
 

 In the instant case, the Fourth District properly relied on our decision in
 
 Paul.
 
 The Fourth District found that the trial court failed to make a finding that Blair’s failure to appear was willful and further found as follows:
 

 [T]he trial court improperly ordered pretrial detention without finding that “no conditions of release can reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process.” Art. I, § 14 Fla. Const. A pretrial detention order must contain findings of fact and conclusions of law showing that the constitutional and statutory criteria for pretrial detention are met.
 
 See
 
 Fla. R.Crim. P. 3.132(c)(2); § 907.041(4)(i), Fla. Stat. (2008).
 

 Blair,
 
 15 So.3d at 759. In its opinion, the Fourth District explained:
 

 Although a trial court has discretion in setting reasonable pretrial release conditions, a trial court’s authority to order pretrial detention is circumscribed by the state constitution and relevant statutes.
 
 Paul
 
 makes clear that these requirements apply even where a defendant has violated pretrial release conditions, such as through a failure to appear. 783 So.2d at 1051.
 
 Paul
 
 effectively overruled the majority’s analysis in
 
 Bradshaw,
 
 which permitted a court to order pretrial detention following a finding of a willful failure to appear without also finding that the constitutional and statutory criteria for pretrial detention were met.
 

 The court in
 
 Ricks v. State,
 
 961 So.2d 1093, 1093-94 (Fla. 5th DCA 2007), appears to have relied on
 
 pre-Paul
 
 cases to reach the same conclusion as
 
 Bradshaw,
 
 that a court may order pretrial detention based solely on a finding of a willful failure to appear “without determining whether conditions of release are appropriate.”
 
 Id.
 
 (citing
 
 Wilson v. State,
 
 669 So.2d 312, 313 (Fla. 5th DCA 1996)). We certify
 
 conflict
 
 with this aspect of
 
 Ricks.
 

 Blair,
 
 15 So.3d at 760. We agree with the Fourth District’s conclusion that the trial court failed to find that Blair’s failure to appear was willful. After a careful review of the bond hearing transcript, it does not appear that the trial court ever made such
 
 *1195
 
 a determination, either expressly or impliedly. Although the trial court did conduct a bond hearing, it failed to determine whether there were reasonable conditions of pretrial release. The evidence presented at the bond hearing established that Blair attempted to attend the misdemean- or DUI court date, but was told that the case had been nolle prossed. He never received notice that the case had been refiled as a felony DUI or of the new court date. Blair also testified' that he used his ex-wife’s address because his job as a road worker precluded him from maintaining a stable address. The trial court simply surmised, “Address on the PC is 129 Swain Boulevard. The address on the booking sheet is 129 Swain Boulevard. Be held without bond. That’s where the notices were sent. Now we need another date.” The bond hearing transcript is devoid of any language, either express or implied, indicating that the trial court’s decision to order pretrial detention in this case was based on the statutory criteria as codified in section 907.041 and as required by our decision in
 
 Paul.
 

 Accordingly, we approve the Fourth District’s decision in
 
 Blair,
 
 and disapprove the Fifth District’s contrary holding in
 
 Ricks.
 

 It is so ordered.
 

 QUINCE, C.J., and PARIENTE, LEWIS, CANADY, POLSTON, LABARGA, and PERRY, JJ., concur.
 

 [1]
 

 . By the time this case reached this Court, the issue was moot. Blair filed a petition for a writ of habeas corpus after the trial court ordered pretrial detention. The Fourth District granted Blair's petition for writ of habe-as corpus by order on June 29, 2009.
 
 Blair,
 
 15 So.3d at 760 n. 1. On July 9, 2009, the trial court reconsidered its decision to detain Blair in light of the Fourth District’s opinion and determined that Blair could be released on his own recognizance. Moreover, on August 17, 2009, the trial court granted Blair’s Motion to Discharge on speedy trial grounds. A separate State appeal of the order of discharge is currently pending in the Fourth District. However, the mootness doctrine does not destroy our jurisdiction in this case. Because this issue is capable of repetition, yet may evade review, we have the authority to retain jurisdiction and decide the issue on the merits under the public exception doctrine.
 
 See Cook v. City of Jacksonville,
 
 823 So.2d 86, 87 (Fla.2002);
 
 Gregory v. Rice, 727
 
 So.2d 251 (Fla.1999).
 

 [2]
 

 . Our decision in
 
 Paul
 
 did not specifically refer to the Fifth District’s decision in
 
 Wilson.
 
 Rather, it referred to the cases as
 
 "pre-Paul.”
 
 However,
 
 Paul
 
 in effect overruled
 
 Wilson.