PER CURIAM.
Pursuant to a stipulation with the state, the petitioner was released on bond with conditions. Several months later, the state moved to revoke that bond because of the petitioner’s violation of a condition. After taking evidence, the trial court made a finding that the violation was intentional and revoked the bond. Petitioner disputes that finding; however, we agree with the state that it is supported by the record.
The trial court, however, made no actual findings that “no conditions of release can reasonably protect the community from risk of physical harm to persons or assure the presence of the accused at trial.” This is a requirement of pretrial detention under section 907.041(4)(c)7, Florida Statutes (2010). Blair v. State, 15 So.3d 758, 759 (Fla. 4th DCA 2009) (“A pretrial detention order must contain findings of fact and conclusions of law showing that the constitutional and statutory criteria for pretrial detention are met. See Fla. R. Crim. P. 3.132(c)(2); § 907.041(4)®, Fla. Stat. (2008).”), approved, 39 So.3d 1190 (Fla.2010). The statute does not allow the trial court to deny release solely on a finding that the defendant violated a condition of bond. Buhbut v. Bieluch, 835 So.2d 1222, 1223 (Fla. 4th DCA 2003).
We therefore grant the petition for writ of habeas corpus in part, and remand to the trial court to set an expedited hearing to determine whether there are any reasonable conditions of release which would protect the community and assure petitioner’s presence at trial.

Petition granted in part; case remanded for an expedited hearing.

GROSS, C.J., WARNER and MAY, JJ., concur.