PER CURIAM.
Robert Williams petitions this court for a writ of habeas corpus, challenging the trial court’s order of pretrial detention after he failed to appear for calendar call in connection with his charge for failure to redeliver a hired vehicle.[1] We grant the petition.
Williams offered an explanation for his failure to appear for calendar call in October 2010: as a member of the Florida National Guard, he was called up early in September by his special forces unit and was given only twenty-four hours notice to go into Africa, to a location where he had no opportunity to call his lawyer until approximately a month before the April 2011 bond hearing. No findings were made that his failure to appear was willful; the judge stated only that, although Williams *388 might be in the military, his nonappearance was “not acceptable to me.” Further, it is clear from the record that the trial court made no findings that “that no conditions of release can reasonably protect the community from risk of physical harm to persons or assure the presence of the accused at trial,” a requirement of pretrial detention under section 907.041(4)(c)7., Florida Statutes (2010). Blair v. State, 15 So.3d 758, 759 (Fla. 4th DCA 2009), approved, 39 So.3d 1190 (Fla.2010). Even if the trial court meant to indicate that it found the nonappearance to be willful, the further findings still were necessary. Bannister v. Lamberti, 32 So.3d 745 (Fla. 4th DCA 2010) (holding that, even where willfulness of nonappearance is conceded, trial court ordering pretrial detention still must make finding that pretrial detention is necessary to assure defendant’s appearance at trial) (citing Blair).
We therefore grant the petition for writ of habeas corpus to the extent of remanding to the trial court to set an expedited hearing to determine whether Williams’s nonappearance for calendar call was willful and whether there are any reasonable conditions of release which would assure Williams’s presence at trial.

Petition granted; case remanded for an expedited hearing.

GROSS, C.J., STEVENSON and MAY, JJ., concur.

. This was his second failure to appear in this case; however, his bond was reinstated after he failed to appear for arraignment. In his motion to reinstate that bond, he explained that neither he nor his bondsman was advised of the date of arraignment, a position which was supported by the bondsman’s sworn statement and affidavit to remain on bond.