PER CURIAM.
 

 Petitioner seeks a writ of habeas corpus challenging his pretrial detention for third-degree felony failure to return a hired vehicle.
 
 See
 
 § 817.52(3), Fla. Stat. (2009). The trial court ordered petitioner held without bond following a failure to appear for a hearing. Petitioner argues that his failure to appear was not willful and that the trial court failed to make a finding that no reasonable conditions could secure petitioner’s presence at trial. We grant the petition.
 

 After this court’s decision in
 
 Williams v. State,
 
 59 So.3d 387 (Fla. 4th DCA 2011), where this court quashed a prior pretrial detention order, the trial court released petitioner on pretrial supervision.
 

 Thereafter, petitioner’s private counsel moved to withdraw. The court granted the motion at a hearing and a status hearing was set for later that month. Petitioner did not appear at the status hearing, and the court issued a no-bond capias. When petitioner appeared at his previously-scheduled calendar call hearing, the court took him into custody.
 

 Petitioner moved to set bond. Petitioner testified that he had not received notice of the hearing on counsel’s motion to withdraw, or the status hearing, and was aware of the previously-scheduled calendar call hearing only. The notice of the status hearing was sent to a residence where he no longer lived and a business address where he was no longer employed. He was not even aware that counsel had withdrawn.
 

 The state does not dispute petitioner’s testimony that he continuously followed all conditions of his pretrial release supervision, including calling his pretrial release officer two times per week, and that he advised his pretrial release officer of his current address. Petitioner testified that, at the prior bond hearing, he had provided the court with an address where he would be residing. The transcript of the hearing, however, does not reflect that the defendant provided his address on the record.
 

 The trial court refused to release petitioner. The court recalled that petitioner’s former counsel had apologized for having previously sought habeas corpus and indicated at the hearing on the motion to withdraw that he had been unable to contact petitioner, who was “in the wind.” The court found that the mailing of notice to petitioner’s last known addresses was sufficient. The court did not believe that defendant would appear.
 

 Criminal defendants are presumed innocent and are generally entitled to pretrial release. To order pretrial detention based on a failure to appear, the court must find that the failure to appear was willful and that the constitutional criteria are met, that “no conditions of release can reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process.” State v.
 
 Blair,
 
 39 So.3d 1190, 1192 (Fla.2010) (quoting art. I, § 14, Fla. Const.). We review an order of pretrial detention for an abuse of discretion.
 
 See Watkins v. Lamberti,
 
 — So.3d -, 2011 WL 1084968 (Fla. 4th DCA 2011).
 

 No evidence was presented that petitioner was actually aware of the hearing at issue. The court appears to have concluded that the mailing of notice to the addresses on file with the clerk was sufficient to establish constructive notice. Petitioner, however, advised his pretrial supervision authorities of his new address
 
 *1012
 
 and remained in contact with them. Nothing in the record indicates that petitioner should have known he needed to do more, and nothing disputes his testimony.
 

 We are sympathetic to the trial judge’s view that a pretrial releasee should have a duty to maintain a current address with the court. But, neither the court nor the state identified a legal source imposing an express duty upon a pretrial releasee to advise the court clerk of a change in address. Florida Rule of Criminal Procedure 3.131(e)(2) requires a pretrial releas-ee to “appear to answer the charges before the court in which he or she may be prosecuted and submit to the orders and process of the court and ... not depart without leave.” This imposes no such duty, in contrast to other procedural rules that, in other contexts, do.
 
 Cf.
 
 Fla. R. Juv. P. 8.224(b) (requiring parties to provide a permanent address which then imposes a duty on the party to keep the court informed of any address change); Fla. Fam. L. R. Form 12.915 (Notice of Current Address form, to be provided to clerk of court).
 

 Without a duty to maintain a current address with the court, mailing a notice to petitioner’s last known addresses was insufficient to notify him of the status hearing. Based on this record, we cannot say that petitioner’s failure to appear at the status hearing was willful.
 

 Even if we were to accept the" clerk’s mailing of notice to petitioner’s last known address as sufficient in this case, the trial court did not find that “no conditions of release can reasonably protect the community from risk of physical harm to persons or assure the presence of the accused at trial.” § 907.041(4)(c)7., Fla. Stat. (2011). To the extent the trial court implicitly made this determination, we conclude that, considering the totality of the evidence as it presently stands, the trial court abused its discretion. Petitioner has complied with the requirements of his pretrial supervision, such as surrendering his passport, and has maintained phone contact with his pretrial release officer twice per week. He appeared at the regularly-scheduled calendar call hearing. The prior pretrial release conditions have already proven sufficient to secure petitioner’s presence. Nothing in the record suggests that petitioner poses any threat of physical harm to the community.
 

 We grant the petition and direct the trial court to release petitioner with reasonable conditions. This opinion should not be read to limit the trial court’s ability to take additional evidence or impose additional conditions on pretrial release.
 

 Petition granted.
 

 GROSS, HAZOURI and GERBER, JJ„ concur.