# Third District Court of Appeal

## State of Florida

Opinion filed August 7, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-1863
Lower Tribunal No. 14-666
_____


**Juan Ospina Mendoza,**
Petitioner,

vs.

**Ray Cross, etc., et al.,**
Respondents.


A Case of Original Jurisdiction – Habeas Corpus.

David J. Sobel (Fort Lauderdale), for petitioner.

Pamela Jo Bondi, Attorney General, and Marlon J. Weiss, Assistant Attorney General, for respondents.


Before SHEPHERD, C.J., and SUAREZ and EMAS, JJ.

EMAS, J.

While out of custody on bond, Juan Mendoza failed to appear for his trial on June 23, 2014. The trial court estreated his bond and issued a warrant for his arrest.

Mendoza's attorney thereafter filed a motion to quash the warrant, asserting that Mendoza failed to appear that day because he overslept. A hearing was scheduled on that motion for June 27, but Mendoza failed to appear at that hearing. It was later rescheduled for July 2. Prior to July 2, however, Mendoza was arrested in Hernando County on the outstanding warrant, and thereafter held without bond.

Mendoza hired new counsel who filed a motion to set bond, which was heard before the trial judge. At that hearing, the trial judge determined that Mendoza's failure to appear for trial based on having overslept was willful, denied the motion to set bond, and continued to hold Mendoza in custody and without bond pending trial.

Mendoza filed the instant petition for writ of habeas corpus, contending that the trial court failed to make the necessary findings and determination that there were no reasonable conditions of pretrial release to protect the community from risk of physical harm to person and to assure Mendoza's appearance in court. We agree.

A review of the transcript reveals that, although the trial court did make a finding that Mendoza wilfully violated a condition of pretrial release by his failure

to appear for trial, it failed to make the additional finding required under section 907.041(4), which provides in pertinent part:

> (c) The court may order pretrial detention if it finds a substantial probability, based on a defendant's past and present patterns of behavior, the criteria in s. 903.046, and any other relevant facts, that any of the following circumstances exists:
>
> ....
>
> 7. The defendant has violated one or more conditions of pretrial release or bond for the offense currently before the court and the violation, in the discretion of the court, supports a finding that no conditions of release can reasonably protect the community from risk of physical harm to persons or assure the presence of the accused at trial.
>
> § 904.071(4)(c)7., Fla. Stat. (2014). See also Art. I, § 14, Fla. Const.; Fla. R. Crim. P. 3.131(a).

A defendant may not be held without bond (i.e., pretrial detention) upon the sole finding that the defendant violated a condition of pretrial release by willfully failing to appear. Rather the trial court must make the additional finding that no conditions of release can reasonably protect the community from risk of physical harm to persons or assure the presence of the defendant at trial. State v. Blair, 39 So. 3d 1190 (Fla. 3d DCA 2010).

We decline to adopt the State's view that this judicial determination may be implied from the transcript,[1] especially given the constitutional dimension of an

---

[1] In its response to the petition, the State contended that a "judicial determination at

3

accused's right to pretrial release.[2]   Moreover, the trial court's "pretrial detention order shall be based solely on evidence produced at the hearing and <u>shall contain findings of fact and conclusions of law</u> to support it.  The order shall be made either in writing or orally on the record."  Fla. R. Crim. P. 3.132(c)(2) (emphasis added).  Finally, even if we were so inclined, a review of the transcript reveals no such implied determination.

We therefore grant the petition, withhold formal issuance of the writ, and direct the trial court to immediately conduct a hearing and for further proceedings consistent with this opinion.  This opinion shall become effective immediately, notwithstanding the filing of any motion for rehearing.

Petition granted.

---

a bond hearing may be expressly stated or implied from the transcript", citing <u>Blair</u>, 39 So. 3d at 1194.  The Court in <u>Blair</u> made no such pronouncement, but rather merely observed, in its analysis, that "[a]fter a careful review of the bond hearing transcript, it does not appear that the trial court ever made such a determination, either expressly or impliedly."

[2] Article I, section 14 of the Florida Constitution provides:

> Unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great, every person charged with a crime or violation of municipal or county ordinance shall be entitled to pretrial release on reasonable conditions. If no conditions of release can reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process, the accused may be detained.