# Third District Court of Appeal

## State of Florida

Opinion filed September 19, 2014.

————————————

No. 3D14-2219
Lower Tribunal No. 14-3306

————————————

**Tommy Robinson,**
Petitioner,

vs.

**The State of Florida, and Marydell Guevara, Director, Miami-Dade Corrections and Rehabilitation Department,**
Respondents.

A case of original jurisdiction – Habeas Corpus., Rodney Smith, Judge.

Carlos J. Martinez, Public Defender, and Marti Rothenberg, Assistant Public Defender, for petitioner.

Pamela Jo Bondi, Attorney General, and Robert Martinez Biswas, Assistant Attorney General, for respondents.

Before WELLS, SUAREZ and SALTER, JJ.

WELLS, Judge.

Tommy Robinson seeks a writ of habeas corpus to remedy his detention without bond. Robinson was arrested in F14-3306 on February 11, 2014, for sale of cocaine, openly carrying a weapon and resisting an officer without violence. He was released on bond. His case was set for trial on July 28, 2014. On that day he appeared in court but apparently during a court recess, he left. The case was reset for the next day, July 29, 2014, and on that date, Robinson failed to appear and the judge issued an alias capias warrant. On September 9, 2014, the alias capias warrant was served on the petitioner and he was arrested.

At the defendant's appearance at the alias capias calendar, petitioner was ordered held without bond although the trial court neither determined whether his failure to appear in court was willful, nor made the necessary findings that "no conditions of release can reasonably protect the community from risk of physical harm to persons or assure the presence of the accused at trial." § 907.041(4)(c), Florida Statutes (2014); see Art, I, § 14, Fla. Const.; Blair v. State, 39 So. 3d 1190 (Fla. 2010). As such, we grant Robinson's petition for writ of habeas corpus only insofar as we remand to the trial court for an expedited bond hearing pursuant to section 907.041(4)(c), Florida Statutes (2014). The trial court's determination shall include, but is not limited to, Robinson's willfulness in failing to appear. Robinson shall remain in detention pending the outcome of the hearing. See Herrera v. State, 3D14-2199, 2014 WL 4627613 (Fla. 3d DCA, Sept. 17, 2014).

As such, we grant Robinson's petition for writ of habeas corpus only insofar as we remand to the trial court for an expedited bond hearing pursuant to section 907.041(4)(c), Florida Statutes (2014). The trial court's determination shall include, but is not limited to, Robinson's willfulness in failing to appear at his scheduled pretrial sounding. Robinson shall remain in detention pending the outcome of the hearing.

Petition is granted; remanded for an expedited bond hearing.

This opinion shall take effect immediately notwithstanding the filing or disposition of any motion for rehearing.