# Third District Court of Appeal

## State of Florida

Opinion filed March 11, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-545
Lower Tribunal Nos. 16-1773, 16-1899

_____

**Ida Kendrick-Nelson,**
Petitioner,

vs.

**Marydell Guevara, etc., et al.,**
Respondents.


A Case of Original Jurisdiction – Habeas Corpus.

Carlos J. Martinez, Public Defender, and Natasha Baker-Bradley, Assistant Public Defender, for petitioner.

Pamela Jo Bondi, Attorney General, and Shayne R. Burnham, Assistant Attorney General; Abigail Price-Williams, Miami-Dade County Attorney, and Benjamin D. Simon, Assistant County Attorney, for respondents.


Before EMAS, LOGUE and SCALES, JJ.

EMAS, J.

Kendrick-Nelson filed a petition for writ of habeas corpus, contending that the trial court failed to make the necessary findings and determination that her violation of a condition of release (i.e., her failure to appear) was willful and that there were no reasonable conditions of pretrial release to protect the community from risk of physical harm to person and to assure Kendrick-Nelson's appearance in court.

A review of the record reveals that the trial court failed to make the necessary findings.[1] Before a trial court may order pretrial detention of a defendant for violating a condition of release by a failure to appear, the court must find that the failure to appear was willful. State v. Blair, 39 So. 3d 1190, 1191 (Fla. 2010). The trial court did not make a finding of willfulness.

Further, the trial court failed to make the additional finding required by section 907.041, Florida Statutes (2016), which provides in pertinent part:

> (c) The court may order pretrial detention if it finds a substantial probability, based on a defendant's past and present patterns of behavior, the criteria in s. 903.046, and any other relevant facts, that any of the following circumstances exists:

---

[1] We have previously rejected the State's argument that these findings could be implied from the transcript. Mendoza v. Cross, 143 So. 3d 1155, 1157 (Fla. 3d DCA 2014) (observing that "[w]e decline to hold that this judicial determination may be implied from the transcript, especially given the constitutional dimension of an accused's right to pretrial release."). See also Fla. R. Crim. P. 3.132(c)(2) (providing "[t]he court's pretrial detention order. . . shall contain findings of fact and conclusions of law to support it. The order shall be made either in writing or orally on the record.").

....

7. The defendant has violated one or more conditions of pretrial release or bond for the offense currently before the court and the violation, in the discretion of the court, <u>supports a finding that no conditions of release can reasonably protect the community from risk of physical harm to persons or assure the presence of the accused at trial</u>.

§ 907.041(4)(c)7., Fla. Stat. (2016) (emphasis added). <u>See also</u> Art. I, § 14, Fla. Const.; Fla. R. Crim. P. 3.131(a).

Given the absence of any such findings, we grant the petition, withhold formal issuance of the writ, and direct the trial court to immediately conduct a hearing and for further proceedings consistent with this opinion. This opinion shall become effective immediately, notwithstanding the filing of any motion for rehearing.

Petition granted.