SUAREZ, J.
Petitioner Moise Harvey petitions this Court for a writ of habeas corpus, claiming the trial court's grant of the state's motion for pretrial detention and revocation of *354 bond is unlawful. We grant the petition for habeas corpus.
The record shows that Petitioner Moise Harvey is charged with a non-violent, third-degree felony and a misdemeanor after he allegedly attempted to cash a couple of forged checks. He was initially released on bond pending trial, set for September 11, 2017. Petitioner was given oral notice of that hearing date at his arraignment on July 3, 2017. Due to Hurricane Irma, the Eleventh Judicial Circuit was closed beginning September 7, reopening for normal operations on September 18, 2017. As the courthouse was shuttered for the storm on the scheduled date of Petitioner's trial, at a subsequent hearing on September 20 the trial judge took a court continuance and set the case for trial on October 2. Petitioner was not present in the courtroom on September 20, having never been notified-either orally or in writing-that his case would be called that day for any purpose. When he failed to appear for the hearing on October 2, 2017, a warrant was issued for his arrest. The Petitioner's bondsman moved to quash the warrant, and the Petitioner voluntarily appeared at the subsequent hearing on November 9, 2017. He explained to the trial court that he did not come to court on September 11 because "it was like, after the hurricane, like, the day after," and he had no electricity or cell phone charge.
A review of the transcript from the hearing on November 9, 2017 shows that the trial court revoked the Petitioner's existing bond and, rather than set a higher bond or impose additional conditions of pretrial release, invited the State to move for pretrial detention. After hearing defense counsel strenuously argue against pretrial detention, the trial court found the Petitioner's failure to appear at the last scheduled hearing to be willful, and found that there were no conditions of release that could "reasonably protect the community from physical harm to persons or assure the presence of the accused at trial." The trial court revoked the Petitioner's bond, granted the state's motion for pretrial detention and incarcerated the Petitioner to await his January 16, 2018 trial date.
Section 907.041, Florida Statutes (2017), provides that it is the intent of the Legislature to create a presumption in favor of pretrial release, whether on non-monetary or monetary conditions. Florida Rule of Criminal Procedure 3.131, states in relevant portion:
(a) Right to Pretrial Release. Unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great, every person charged with a crime or violation of municipal or county ordinance shall be entitled to pretrial release on reasonable conditions .... If no conditions of release can reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process, the accused may be detained.
Fla. R. Crim. P. 3.131(a). Further, it is the State's burden to show the need for pretrial detention. Fla. R. Crim. P. 3.132(c)(1). Not only did the State in this case fail to show that the Petitioner's failure to appear at his last court date was willful, it also failed to show that there were less onerous conditions that could be imposed to assure the Petitioner's appearance at future court dates. See, e.g., State v. Blair, 39 So.3d 1190, 1191-92 (Fla. 2010) ("Pretrial detention may not be ordered based on a failure to appear unless the court finds that the failure to appear was willful."); Williams v. State, 68 So.3d 1010, 1011 (Fla. 4th DCA 2011). "[E]ven where a defendant has violated pretrial release conditions, such as through a failure to appear," there is a *355 "presumption in favor of release" that the State may overcome only by showing that other available measures will be insufficient to guarantee the defendant's presence at future hearings. Blair, 39 So.3d at 1194-95 ; see also Mendoza v. Cross, 143 So.3d 1155, 1157 (Fla. 3d DCA 2014) (holding that, despite defendant's two prior failures to appear in the same case, that trial court erred in detaining defendant pretrial without making a finding that no conditions of release could assure his presence). A pretrial detention order must contain findings of fact and conclusions of law showing that the constitutional and statutory criteria for pretrial detention are met. See Fla. R. Crim. P. 3.132(c)(2) ; § 907.041(4)(i), Fla. Stat. (2017) ; State v. Paul, 783 So.2d 1042 (Fla. 2001).
We find insufficient evidence of willfulness in this record. The Petitioner's failure to attend his last hearing was not willful; South Florida was still recovering from Hurricane Irma a few days earlier and the Petitioner had no power, no generator, and no way to charge his phone. He lives with an aunt but received mail at a different address and was not notified by his bondsman of the new hearing date. He testified that he attempted to contact the court but could not verify that it was open. We therefore grant the writ of habeas corpus. The trial court shall, no later than 5:00 p.m. Wednesday, November 22, 2017, conduct a hearing pursuant to Florida Rules of Criminal Procedure 3.131 and 3.132, and section 907.041, Florida Statutes (2017). The Defendant shall remain in custody pending the determination of pretrial release.
The opinion shall take effect immediately notwithstanding the filing or disposition of any motion for rehearing.