# Third District Court of Appeal

## State of Florida

Opinion filed November 12, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1911
Lower Tribunal No. B25-6620
_____

**Cedric Cilien,**
Petitioner,

vs.

**State of Florida, et. al.,**
Respondents.

A Case of Original Jurisdiction – Habeas Corpus.

Carlos Martinez, Public Defender, and Jennifer Rose Thornton, Assistant Public Defender, for petitioner.

James Uthmeier, Attorney General, and Camilo Montoya, Assistant Attorney General; Geraldine Bonzon Keenan, Miami-Dade County Attorney, and Shankia A. Graves, Assistant County Attorney, for respondents.

Before EMAS, MILLER and LOBREE, JJ.

EMAS, J.

On October 6, 2025, Petitioner, Cedric Cilien, filed a petition requesting this court to issue a writ of habeas corpus quashing a bench warrant issued for the arrest of petitioner for his failure to appear at arraignment.[1]  For the reasons that follow, we grant the petition.

Petitioner asserts the bench warrant was improperly issued because his attorney had previously filed a written plea of not guilty and waiver of petitioner's presence at arraignment, which pleadings were in the court file at the time of arraignment.  The pleading stated that "the Defendant, through undersigned counsel, hereby . . . [f]iles this Written Plea of Not Guilty pursuant to Florida Rule of Criminal Procedure 3.160(a). . . *and thereby waives arraignment, and waives the defendant's presence at the*

---

[1] At the time petitioner filed the petition, the bench warrant had been issued but had not yet been executed.  Later that same day, however, petitioner was arrested and taken into custody on the bench warrant.  Petitioner has since been released from custody, but we exercise our discretion to address the merits notwithstanding any mootness claim, because the issue is capable of repetition, yet evading review. See State v. Blair, 39 So. 3d 1190, 1191 n.1 (Fla. 2010) (reaching the merits of the issue, even though the defendant had been released from custody, noting: "By the time this case reached this Court, the issue was moot . . . . However, the mootness doctrine does not destroy our jurisdiction in this case. Because this issue is capable of repetition, yet may evade review, we have the authority to retain jurisdiction and decide the issue on the merits under the public exception doctrine."); see also  Romero v. Green, 394 So. 3d 207 (Fla. 3d DCA 2024); Thourtman v. Junior, 275 So. 3d 726 (Fla. 3d DCA 2019).

2

***arraignment pursuant to Florida Rule of Criminal Procedure 3.180(a)(2).***" (Emphasis added).

The trial court issued a bench warrant upon the apparent misconception that a defendant's signature was required on a waiver of presence at arraignment, and that the waiver was required to be a separate, stand-alone document rather than a single document consolidated with the written plea of not guilty. Because the pleading did not contain a signature of the defendant, the trial court deemed the waiver of presence at arraignment insufficient.

Defense counsel objected and attempted to explain that, as expressly provided in Florida Rule of Criminal Procedure 3.180(a)(2), the filing of a written plea of not guilty waives a defendant's presence at arraignment and does not require a defendant's signature. The trial court disagreed, and issued a bench warrant for petitioner's non-appearance. Petitioner was later arrested on that bench warrant.

The State filed a response to the petition for writ of habeas corpus, and has commendably conceded that the trial court erred in issuing the bench warrant.[2] Specifically, the State acknowledged that there is no requirement

---

[2] The remaining respondent, Miami-Dade County Corrections & Rehabilitation Department, filed a response taking no position on the merits of the petition.

3

that the waiver of presence at arraignment contain a defendant's signature to be valid. The State also acknowledged there is no requirement that the written plea of not guilty and waiver of presence at arraignment be filed as separate, stand-alone documents.

Rule 3.180(a)(2) provides in pertinent part:

(a) In all prosecutions for crimes the defendant must be present:

. . .

(2) when a plea is made, *__unless__* a written plea of not guilty has been made in writing under the provisions of rule 3.170(a).

(Emphasis added).

In other words, a defendant's presence at arraignment is deemed waived by the filing of a written plea of not guilty, even if it is not accompanied by a waiver of presence. Indeed, the filing of a written plea of not guilty waives not only the defendant's presence at arraignment, but waives the arraignment proceeding itself, as provided in rule 3.160(a):

> **Nature of Arraignment**. The arraignment must be conducted in open court or by audio-video communication technology in the discretion of the court and must consist of the judge or clerk or prosecuting attorney reading the indictment or information on which the defendant will be tried to the defendant or stating orally to the defendant the substance of the charge or charges and calling on the defendant to plead thereto. The reading or statement as to the charge or charges may be waived by the defendant. ***If the defendant is represented by counsel, counsel may file a written plea***

4

> ***of not guilty at or before arraignment and thereupon arraignment must be deemed waived.***

(Emphasis added).

In the instant case, the proceeding at issue was an arraignment. Counsel had filed a written plea of not guilty and waiver of defendant's presence. This pleading did not require petitioner's signature, and by operation of rule 3.160(a), the arraignment was deemed waived by the filing of the written plea of not guilty. Independently, and by operation of rule 3.180(a)(2), petitioner was not required to be present at arraignment. The trial court's issuance of a bench warrant for petitioner's failure to appear, resulting in the arrest of petitioner on that warrant, was plainly erroneous.

We therefore grant the petition, issue the writ, and quash the bench warrant issued by the trial court.