530 So.2d 449 (1988)
Leponyon Jacob LEWIS, Appellant,
v.
STATE of Florida, Appellee.
No. 87-652.
District Court of Appeal of Florida, First District.
August 31, 1988.
Michael E. Allen, Public Defender, Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Helen P. Nelson, Asst. Atty. Gen., Tallahassee, for appellee.
NIMMONS, Judge.
Lewis contends on appeal that the trial court erred in: (1) denying his motion for disqualification of the trial judge filed after the jury verdict but before sentencing; and (2) imposing sentence in excess of the guidelines range. We reverse on the disqualification issue and remand for resentencing before another judge. In view of our ruling on the first issue, we need not reach the guidelines departure issue.
Lewis was charged with two counts of possession of controlled substances. After the conclusion of the trial, but before sentencing, counsel for Lewis filed a motion for disqualification of the trial judge. The motion alleged that on the morning the trial was to commence, and just prior to jury selection, the trial judge advised defense counsel that the court did not try third degree felony cases in his court, that he had exceeded the guidelines in the last four cases tried in his court, and that if convicted after jury trial, the court would sentence the defendant to five years on the cocaine charge and one year on the marijuana misdemeanor charge.
The motion also alleged that the court was aware that defendant's guidelines range was 2 1/2  3 1/2 years and that the prosecutor had "offered the minimum" under the guidelines. The motion sought disqualification of the judge with respect to the sentencing phase.
Attached to the above referred motion was defense counsel's affidavit which stated *450 that counsel "believe[d], based on the reasons set forth in the attached motion ... that this Court is prejudiced against this Defendant, and that the Defendant will not receive a fair trial at the sentencing phase of the proceedings."
Also attached to the motion was the defendant's affidavit which recited that his attorney had reported to him what the trial judge had said to counsel as specifically described in the motion for disqualification. In addition, the defendant's affidavit said that "[b]ecause the Judge has threatened to punish me for exercising my right to a jury trial, I believe the Judge is prejudiced against me and I do not believe that I will receive a fair trial at the sentencing phase of the proceedings."
At the commencement of the sentencing hearing, the trial court, without comment, denied the motion for disqualification.
Initially, we find that the motion for disqualification and accompanying affidavits are, as to form, in compliance with Fla.R. Cr.P. 3.230. Appellee has not contended otherwise, either in the trial court or on appeal.
The state simply takes the position that the comments by the trial court "do not rise to the level of prejudice such as is necessary for disqualification of the trial judge." We disagree.
The test for sufficiency of a motion for disqualification of a judge for prejudice in a criminal proceeding is whether the motion demonstrates a well-grounded fear on the part of the defendant that he will not receive a fair trial at the hands of the judge. The facts and reasons given must tend to show personal bias or prejudice. Livingston v. State, 441 So.2d 1083, 1087 (Fla. 1983); Tafero v. State, 403 So.2d 355, 361 (Fla. 1981). In Livingston, the Court stated:
What is important is the party's reasonable belief concerning his or her ability to obtain a fair trial. A determination must be made as to whether the facts alleged would place a reasonably prudent person in fear of not receiving a fair and impartial trial.
441 So.2d at 1087. Of course, in the instant case, although the motion was made immediately prior to jury selection, the alleged offensive remarks of the trial judge pertained to the sentencing phase of the proceedings and the appellant does not assert error in the trial judge's presiding at trial  only in the judge's presiding at the sentencing proceeding.
It is apparent to us that any defendant, faced with the remarks attributed to the trial judge in the instant case, would be placed in reasonable apprehension of not receiving fair treatment, at least at the sentencing stage.[1] We have no alternative but to vacate the sentence and remand for resentencing before another judge, such judge to be assigned by the Chief Judge of the Fourth Judicial Circuit. See Fla.R.Cr. P. 3.700(c).
THOMPSON and BARFIELD, JJ., concur.
NOTES
[1] We should point out that the alleged remarks of the trial judge are not contained in any transcript of proceedings included in the record on appeal herein. The remarks were allegedly made during an unreported bench conference. In any event, it is elementary that the sworn facts set forth in a motion for disqualification must be taken as true. Bundy v. Rudd, 366 So.2d 440 (Fla. 1978).