HARRIS, Judge,
concurring specially:
While I concur in the affirmance, I believe that we should discuss Yates’ claim that the judge erred in not disqualifying herself because of her active participation in a task force on domestic violence since domestic violence was the nature of the case against him and since the judge exercised her discretion to sentence him as a violent career criminal.
Because of Yates’ prior record and his egregious conduct against his former wife which was the basis of the current charge and which was adequately proved at trial, the sentence itself, even though enhanced, does not evince bias or prejudice on the part of the judge. If Yates is to prevail, it must be because the judge’s participation in such an organization is, in and of itself, disqualifying or at least presents a reasonable basis for a belief that she cannot be impartial. Yates’ objection to the judge’s participation in his sentencing was raised by oral motion. And although it was not as detailed as it could have been, it nevertheless asserted that the judge established and served as chairman of the task force and participated in a dedication ceremony at which the victim in the present case, although before the occurrence of the events that led up to the current charge, presented a wreath during the dedication. There was no allegation that the judge knew the victim at the time of the dedication or recognized her from that ceremony during the present controversy.
The judge denied the oral motion “based on legal insufficiency.” It is not clear from the record whether the judge “denied” the motion because it was not in writing (in which case, the better practice would have been to strike the motion as being legally insufficient) or because the grounds stated in the motion were insufficient as a matter of law to create “a well-grounded fear on the part of the defendant that he will not receive a fair trial at the hands of the judge.”[1] If the former is the case, then we can expect a 3.850 motion directed to ineffective assistance of counsel in the near future. Since the judge may have been referring to the grounds (as opposed to the motion) as being legally insufficient, and since that appears to be the position taken by Yates on appeal, this is the issue we should address.
In his brief, Mr. Yates seems to commingle the argument that the judge should have stepped out of the case once he moved for recusal based on the judge’s involvement in the task force and her appearance at the dedication ceremony with an argument that the judge should have disqualified herself in any event because of her participation in the task force. This case shows the wisdom of the supreme court’s determination in Rogers v. State, 630 So.2d 513 (Fla.1993), that a motion for recusal must be in writing and that this requirement cannot be waived. Here, however, the court ruled on the motion instead of striking it. And neither Yates nor *1160 the State has appealed the fact that the court ruled on an oral motion.
The Supreme Court of Idaho in State v. Knowlton, 123 Idaho 916, 854 P.2d 259 (1993), answers at least part of our question. Although the issue of recusal had not been raised below, the court nevertheless considered whether the judge had an affirmative duty to step down under facts similar to ours. In finding no such obligation, the court held:
In the present case, Judge Goff served on the Governor’s Task Force for Children at Risk at the request of the governor.
******
We find nothing in the makeup of the task force or in the task force’s enumerated responsibilities which would cast doubt on Judge Goffs capacity to conduct impartially a probation revocation hearing involving child abuse_ The enumerated responsibilities contain no specific agenda with respect tó the treatment, probation or punishment of convicted child abusers. On the contrary, the focus of the task force is on the protection and treatment of abused and neglected children. We do not believe this equates to Judge Goff acting as an “advocate,” as Knowlton suggests, against “persons situated in [Knowlton’s] shoes.” A judge does not have an affirmative duty to withdraw from cases which merely tangentially relate to the judge’s participation in an organization or committee. To hold otherwise would deprive the citizens of this state of the knowledge and experience which a judge brings to groups designed to improve the legal system.
I agree with the. Knowlton court that the judge has no affirmative duty to automatically step down from a case because of membership on a task force unless the agenda of the task force is inconsistent with the judge’s duty to judge impartially. The next issue is whether Yates had a reason, recognizable at law, to believe that the judge could not be impartial. I think not in this ease. Mere membership in the task force should not justify a belief that the judge cannot be fair unless there is a showing that the agenda of the task force advocates stiffer penalties for domestic abusers. The fact that a judge opposes domestic violence is no more relevant at sentencing than the fact that a judge opposes robbery or drug abuse; nor does it distinguish a particular judge from any other member of the bench. So far as I know, all judges oppose criminal conduct.
The only other allegation is that the victim in this case appeared at the dedication and presented a wreath. This occurred, however, before the events which led up to the current charge. And there is no indication that the judge knew the victim either when she appeared at the dedication or remembered her from the dedication when she appeared in the current proceedings. There is simply no sufficient reason given by Yates to justify a fear of judicial bias.
If it could have been shown that the task force does advocate stiffer penalties for domestic abusers or that the judge has indicated, through words or practice, a tendency to more severely punish domestic abusers, then Yates would have had a basis for a reasonable fear that the judge would not be evenhanded in the application of her discretion. In such event, if defense counsel failed to discover such evidence, then a 3.850 motion might be appropriate.

. Lewis v. State, 530 So.2d 449, 450 (Fla. 1st DCA 1988).