HARRIS, J.
We understand the frustration felt by the trial judge caused by the husband’s amateurish tangled web of deception. But be that as it may, it does not excuse the judge from, in the words of appellant’s lawyer, “acting as one of the wife’s lawyers.” We agree that the judge went beyond the pale in her extensive questioning of the husband and in her personal cross-examination of the husband’s mother in an effort to discredit her. When the judge acts as the attorney for either party, a “lawyer dream team” takes on a new meaning.
The defense attorney moved the judge, because of her obvious bias, to re-cuse herself on three occasions and the motions were thrice denied. Following the trial, but slightly beyond ten days because of the Christmas season, a written motion was filed. The wife herein contends that because the written motion was not filed within ten days as required by Rule 2.160(e), Fla. R. Jud. Admin., the husband can receive no relief. This rule provides:
Time. A motion to disqualify shall be made within a reasonable time not to exceed 10 days after discovery of the facts constituting the grounds for the *192 motion and shall be promptly presented to the court for an immediate ruling. Any motion for disqualification made during a trial must be based on facts discovered during trial and may be stated on the record and shall also be filed in writing in compliance with subdivision (c). Such trial motions shall be ruled on immediately.
The reason trial courts were placed on this earth was to do justice. Rules were promulgated to assist the court, not hamper the court, in this endeavor. We read the rule to distinguish between those motions made on grounds for disqualification discovered before or after trial and those motions made on grounds discovered during trial. It is only the former that requires filing within 10 days. The reason for this difference is apparent. Motions made on grounds discovered before or after trial cannot be ruled on until the motion is made. There is every reason to promptly file such motion. But motions made during trial must, according to the rule, be ruled on immediately. The filing of the written motion, while necessary to preserve the record, has lost its urgency because the ruling has been made. We find the written motion was filed within a reasonable time and thus subject to our consideration.
REVERSED for a new trial before a different judge.
W. SHARP, J., and ORFINGER, M., Senior Judge, concur.