824 So.2d 1044 (2002)
Daniel ZUCHEL, Petitioner,
v.
STATE of Florida, Respondent.
No. 4D02-2579.
District Court of Appeal of Florida, Fourth District.
September 4, 2002.
*1045 Richard A. Asselta, Ft. Lauderdale, for petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for respondent.
PER CURIAM.
Petitioner, Daniel Zuchel, has filed a petition for writ of prohibition following the denial of his motion to disqualify the trial judge. We grant the petition.
Zuchel is charged with aggravated stalking and violation of a restraining order. The trial judge initially set bond at $150,000. Zuchel later filed a motion to reduce bond, which the trial court partially granted, reducing bond to $100,000. In his motion to disqualify, Zuchel alleged that at the bond reduction hearing, the trial judge refused to allow his counsel to cross-examine the key witness and that he feared he would not receive a fair trial because the judge "is not interested in hearing my side of the case."
*1046 Allegations in a motion to disqualify are reviewed under a de novo standard as to whether the motion is legally sufficient as a matter of law. See § 38.10, Fla. Stat.; Armstrong v. Harris, 773 So.2d 7 (Fla.2000), cert. denied, 532 U.S. 958, 121 S.Ct. 1487, 149 L.Ed.2d 374 (2001). A motion to disqualify is governed in substance by section 38.10, Florida Statutes, and procedurally by rule 2.160, Florida Rules of Judicial Administration. The rule states that "[a] motion to disqualify shall show ... that the party fears that he or she will not receive a fair trial or hearing because of specifically described prejudice or bias of the judge." Fla. R. Jud. Admin. 2.160(d)(1).
Whether the motion is legally sufficient requires a determination as to whether the alleged facts would create in a reasonably prudent person a well-founded fear of not receiving a fair and impartial trial. See MacKenzie v. Super Kids Bargain Store, Inc., 565 So.2d 1332 (Fla.1990).
The term "legal sufficiency" encompasses more than mere technical compliance with the rule and the statute; the court must also determine if the facts alleged (which must be taken as true) would prompt a reasonably prudent person to fear that he could not get a fair and impartial trial.
Hayslip v. Douglas, 400 So.2d 553, 556 (Fla. 4th DCA 1981). We find that petitioner met his burden in this case. Zuchel alleged that he feared bias and prejudice by the trial judge because at the bond hearing the judge would not allow his lawyer to cross-examine the victim in the pending "stalking" and "violation of restraining order" charges. The victim's testimony was used by the State, however, in its opposition to the motion to reduce bond.
We disagree with the State's contention that petitioner has only alleged his dissatisfaction with an adverse judicial ruling, which generally is not a sufficient legal ground for judicial disqualification. See Barwick v. State, 660 So.2d 685, 692 (Fla.1995), cert. denied, 516 U.S. 1097, 116 S.Ct. 823, 133 L.Ed.2d 766 (1996). Here, the challenge is not so much to the propriety of the judge's evidentiary ruling; rather, Zuchel asserts that the judge's refusal to allow defense counsel to cross-examine the victim indicates his unwillingness to hear Zuchel's side of the case. We agree that Zuchel's allegation that the outright denial of the basic and fundamental right of cross-examination, see Medina v. Sandstrom, 384 So.2d 927 (Fla. 3d DCA 1980)(holding that the right to cross-examination is fundamental in a bail proceeding), would give a reasonably prudent person a well-founded fear of judicial bias.
Accordingly, we grant the petition for writ of prohibition and remand for the assignment of a new trial judge.
STEVENSON, GROSS and MAY, JJ., concur.