PER CURIAM.
Contending that the circuit court should have granted a motion for disqualification, I.K., Jr., petitions this court for a writ of prohibition. We have jurisdiction. See Zuchel v. State, 824 So.2d 1044 (Fla. 4th DCA 2002). We conclude that the order denying the motion for disqualification did not comply with Florida Rule of Judicial Administration 2.160(f). Therefore, we grant the petition and issue the writ of prohibition.
Upon the filing of a motion to disqualify, the circuit judge “shall determine only the legal sufficiency of the motion and shall not pass on the truth of the facts alleged.” Fla. R. Jud. Admin. 2.160(f). Here, in his seventeen-page order, the circuit judge went beyond merely determining the legal sufficiency of the motion and even refuted factual claims of bias made by I.K., Jr. When a judge has looked beyond the mere legal sufficiency of a suggestion of prejudice and attempted to refute the charges of partiality, he has exceeded the proper scope of his inquiry and on that basis alone established grounds for his disqualification. Bundy v. Rudd, 366 So.2d 440, 442 (Fla.1978).
Accordingly, we grant the petition and remand the cause with directions to grant the motion for disqualification.
Petition granted.
FULMER, DAVIS, and KELLY, JJ., concur.