884 So.2d 334 (2004)
Theodore KONIOR, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-2711.
District Court of Appeal of Florida, Second District.
September 10, 2004.
*335 James Marion Moorman, Public Defender, and Paula C. Coffman, Special Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Sonya Roebuck Horbelt, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
A jury convicted Theodore Konior of sexual battery, burglary of a dwelling with an assault or battery, and aggravated battery causing great bodily harm to a person over 65 years of age. He challenges his convictions on several grounds. We need not detail them all because the first error about which he complains entitles him to a new trial.
On the morning of Konior's trial, his attorney and the prosecutor advised the trial judge, Harry M. Rapkin, that they had negotiated a plea agreement. Judge Rapkin rejected the agreement and, in an off-the-record comment, proclaimed that if Konior were found guilty of the charges he deserved a life sentence. Konior's counsel orally moved to disqualify Judge Rapkin, but the judge summarily denied the motion and the trial proceeded. After the jury convicted him, Konior filed written motions for a new trial and to disqualify Judge Rapkin from sentencing him. The judge denied these motions. He sentenced Konior to life in prison on the burglary count, to thirty years' imprisonment for the aggravated battery, consecutive to the life sentence, and to fifteen years' imprisonment for the sexual battery, concurrent with the aggravated battery sentence.
We are constrained to reverse Konior's convictions and sentences because Judge Rapkin was obliged to grant Konior's first motion to disqualify him. On that occasion Judge Rapkin declared, prior to hearing any evidence, that if Konior was convicted he deserved a life sentence. Konior's resulting fear that he had been prejudged and would not receive a fair trial before Judge Rapkin was reasonable and was a legally sufficient reason for Judge Rapkin's disqualification. See Martin v. State, 804 So.2d 360, 364 (Fla. 4th DCA 2001); Gonzalez v. Goldstein, 633 So.2d 1183, 1184 (Fla. 4th DCA 1994); Lewis v. State, 530 So.2d 449, 450 (Fla. 1st DCA 1988).
We reject the State's suggestion that we should parse the judge's remarks and hold that Konior's fear was reasonable only as to sentencing. Florida's courts have frequently held that a judge who has made statements indicating that he or she has predetermined the appropriate sentence is disqualified from presiding over the entire proceeding. See, e.g., Martin; Torres v. State, 697 So.2d 175, 176 (Fla. 4th DCA 1997); Hayes v. State, 686 So.2d 694, 695-96 (Fla. 4th DCA 1996). The State's authority to the contrary, Lewis, 530 So.2d *336 449, is distinguishable. In that case, the judge made remarks similar to those at issue here just prior to jury selection. But the defendant waited until after his conviction before moving to disqualify the judge "with respect to the sentencing phase." Id. at 449. When reversing only for resentencing, the First District noted that "the appellant does not assert error in the trial judge's presiding at trialonly in the judge's presiding at the sentencing proceeding." Id. at 450. In contrast, Konior sought Judge Rapkin's disqualification at the start of trial, immediately upon learning of the judge's statement. Moreover, unlike Lewis, Konior contends that he was, in fact, thereafter denied a fair trial on several grounds which, as previously stated, we need not reach. We also disagree with the State's assertion that Konior's motion for disqualification was ineffective because, the State contends, it was not "promptly reduced to writing" as required by Florida Rule of Judicial Administration 2.160(e). See Stockstill v. Stockstill, 770 So.2d 191, 192 (Fla. 5th DCA 2000) (holding that written motion filed slightly more than ten days after trial at which party's counsel made unsuccessful oral motions to disqualify judge for her conduct during trial was timely under the rule).
We reverse Konior's convictions and sentences and remand for a new trial before a different judge. Because Konior is to be retried, we must rule on his complaint about the jury instructions given at the first trial. We have examined the issue and determined that it is without merit.
Reversed and remanded for a new trial.
WHATLEY and COVINGTON, JJ., concur.