952 So.2d 1244 (2007)
Edward DORCH, Petitioner,
v.
The STATE of Florida, Respondent.
No. 3D07-573.
District Court of Appeal of Florida, Third District.
April 4, 2007.
*1245 Bennett H. Brummer, Public Defender, and Maria E. Lauredo, Assistant Public Defender, Miami, for petitioner.
Bill McCollum, Attorney General, Orlando, and Michael C. Greenberg, Assistant Attorney General, Miami, for respondent.
Before COPE, C.J., and WELLS and LAGOA, JJ.
COPE, C.J.
Because the trial judge should have disqualified herself, we grant the petition for writ of prohibition.
Edward Dorch was the defendant in a violation of probation proceeding. Defendant-petitioner Dorch had been adjudicated incompetent to proceed with the probation violation hearing due to mental illness. The defendant had been reevaluated and the matter was pending for a determination whether the defendant had regained competency.
A hearing took place to determine where the defendant should be housed. During those proceedings the court said, "Why don't we set him for Probation Violation Hearing, and send him to prison?" On the basis of this statement, the defendant moved to disqualify the trial judge. The motion was denied and the defendant has filed this petition for writ of prohibition.
We conclude that the motion for disqualification was legally sufficient and should have been granted. The Florida Supreme Court has said:
The facts alleged in the motion need only show that "the party making it has a well grounded fear that he will not receive a fair trial at the hands of the judge. If the attested facts supporting the suggestion are reasonably sufficient to create such a fear, it is not for the trial judge to say that it is not there." Further, "it is a question of what feeling resides in the affiant's mind and the basis for such feeling."
Livingston v. State, 441 So.2d 1083, 1087 (Fla.1983) (citations omitted).
The trial judge's statement in this case would create a fear in the mind of a litigant that the trial judge had prejudged the case. "Florida's courts have frequently held that a judge who has made statements indicating that he or she has predetermined the appropriate sentence is disqualified from presiding over the entire proceeding." Konior v. State, 884 So.2d 334, 335 (Fla. 2d DCA 2004) (citations omitted). The State's cases are not on point, and the State's procedural arguments are without merit.
We therefore grant the petition for writ of prohibition, but being confident that the trial judge will withdraw, we need not formally issue the writ.
Petition granted.