976 So.2d 1177 (2008)
Freddie EDWARDS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-1969.
District Court of Appeal of Florida, Fourth District.
March 19, 2008.
Carey Haughwout, Public Defender, Peggy Natale, Assistant Public Defender, and Karen G. Brown, Certified Legal Intern, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
DAMOORGIAN, J.
Freddie Edwards appeals his conviction and sentence following a jury trial. We reverse because the trial court improperly denied Edwards's motion to disqualify the trial judge pursuant to Florida Rule of Judicial Administration 2.330. We find no merit to appellant's claim that the trial court improperly denied his motion for judgment of acquittal.
By way of background, Edwards's criminal case was originally assigned to Judge Marc Gold's division. Judge David Krathen was selected to try the case from the trial pool. The two assistant state attorneys assigned to try the case were supervised by Judge Krathen's daughter. Edwards timely filed the motion to disqualify the trial judge on the day he learned of the trial judge's relationship to the supervising prosecutor. Fla. R. Jud. Admin. 2.330(e). In considering the motion, Judge Krathen noted that his daughter could not oversee the prosecutors or try the case herself because she was on vacation. The motion was denied on the ground that it was untimely.
Review of the denial of a motion to disqualify is de novo. Chamberlain v. State, 881 So.2d 1087, 1097 (Fla.2004) (citations omitted). A motion to disqualify is legally sufficient if the facts would objectively cause a well-founded fear in the moving party that they would not receive a fair and impartial trial. Zuchel v. State, 824 So.2d 1044 (Fla. 4th DCA 2002). The trial court shall rule only on the sufficiency *1179 of the motion and shall not pass on the truth of the facts alleged. Fla. R. Jud. Admin. 2.330(f).
Here, the trial judge stepped beyond the bounds of Rule 2.330. The judge improperly interjected himself into the motion by attempting to determine the truthfulness of the allegations in the motion and relying on facts not in the motion. See Corie v. City of Riviera Beach, 954 So.2d 68 (Fla. 4th DCA 2007) (objective fear of failing to receive a fair and impartial trial must be viewed from the movant's perspective).[1] Moreover, the allegations in the motion established that the motion was timely.
We therefore reverse and remand for a new trial with a successor judge.
Reversed and Remanded.
KLEIN and HAZOURI, JJ., concur.
NOTES
[1] The Florida Code of Judicial Conduct and the Supreme Court Judicial Ethics Advisory Committee recommend judicial disqualification when a person related within the third degree to the judge is acting as an attorney or has greater than a de minimis interest in the proceeding. Fla. Code. Jud. Conduct, Canon 3(E)(1)(d)(ii) & (iii) (2007); see also S.Ct. Jud. Ethics Adv. Comm., Op. 06-26 (2006); S.Ct. Jud. Ethics Adv. Comm., Op. 01-05 (2001); Comm. on Std. of Conduct Gov. Judges, Op. 91-17 (1991); Comm. on Std. of Conduct Gov. Judges, Op. 82-17 (1982). An attorney who supervises trial counsel has greater than a de minimis interest in the proceeding.