COPE, J.
 

 Because the trial judge should have disqualified himself, we grant the petition for writ of prohibition.
 

 Defendant-petitioner, Robenson Ker-saint, was charged with drug trafficking. The jury found the defendant guilty of the lesser included charge of possession of cocaine with intent to distribute.
 

 For present purposes, we accept as true the facts stated in the sworn motion to
 
 *42
 
 disqualify. After the trial, the court ordered a presentence investigation (PSI) and then asked the State how the defendant scored for sentencing purposes. The State responded that defendant scored non-state prison sanction, meaning that defendant could be sentenced to less than 365 days in jail, or another non-state prison sanction.
 
 See
 
 § 921.0024(2), Fla. Stat. (2006).
 

 The trial judge was told that defendant had been incarcerated for over two years, which exceeded the guidelines minimum. According to the motion, the judge stated that he would not consider a sentence to time served, wanted the defendant to have a prison number, was not inclined to go as high as 15 years, but was talking in the range of four years or more. Based on this exchange, the defendant moved to disqualify the trial judge. The motion was denied and the defendant has filed this petition for writ of prohibition.
 

 We conclude that the motion for disqualification was legally sufficient and should have been granted. In this case, a PSI had been ordered and the sentencing hearing was not to occur until after the PSI had been obtained. The judge made statements indicating that he had predetermined the sentence, even though the sentencing hearing had yet to be held. The Florida Supreme Court has said:
 

 The facts alleged in the motion need only show that “the party making it has a well grounded fear that he will not receive a fair trial at the hands of the judge. If the attested facts supporting the suggestion are reasonably sufficient to create such a fear, it is not for the trial judge to say that it is not there.” Further, “it is a question of what feeling resides in the affiant’s mind and the basis for such feeling.”
 

 Livingston v. State,
 
 441 So.2d 1083, 1087 (Fla.1983) (citations omitted).
 

 The trial judge’s statement in this case would create a fear in the mind of a litigant that the trial judge had prejudged the sentence to be imposed. Florida’s courts have held that disqualification is required where a judge “has made statements indicating that he or she has predetermined the appropriate sentence....”
 
 Konior v. State,
 
 884 So.2d 334, 335 (Fla. 2d DCA 2004);
 
 see also Thompson v. State,
 
 990 So.2d 482 (Fla.2008);
 
 Dorch v. State,
 
 952 So.2d 1244, 1245 (Fla. 3d DCA 2007);
 
 State v. Ballard,
 
 956 So.2d 470 (Fla. 2d DCA 2007);
 
 Gonzalez v. Goldstein,
 
 633 So.2d 1183, 1184 (Fla. 4th DCA 1994).
 

 We conclude that, as argued by the petitioner, the trial judge is disqualified from presiding over the sentencing phase of this case. We are confident that in view of this opinion, the trial judge will withdraw and it will not be necessary to formally issue the writ.
 

 Petition granted.