PER CURIAM.
Robert Williams petitions for a writ of habeas corpus seeking pretrial release on reasonable conditions and petitions for a writ of prohibition from the denial of his motion to disqualify the trial judge. We grant both petitions.
This court has previously granted two petitions for writ of habeas corpus from the trial judge’s orders requiring petitioner’s pretrial detention in this case where he is charged with third-degree felony failure to return a rental vehicle. See Williams v. State, 68 So.3d 1010 (Fla. 4th DCA 2011); Williams v. State, 59 So.3d 387, 388 (Fla. 4th DCA 2011).
At a hearing on an emergency motion to set bond, the judge relied on the unsworn, non-record statements of an attorney that had withdrawn from the case in concluding that petitioner was a flight risk. The privately-retained attorney, who had withdrawn because of “irreconcilable differences” with petitioner, allegedly told the court that he could not contact petitioner. Petitioner was never afforded an opportunity to respond to these allegations.
The judge subsequently made statements that create an objectively reasonable basis for a well-founded fear that petitioner will not receive a fair and impartial trial at the hands of the judge. Without allowing petitioner to testify that he had complied with the pretrial release supervision which the judge had ordered and that petitioner had not received notice of the hearing at which he failed to appear, the court stated:
I have heard all these arguments before. If you want to take testimony, the record is what it is. The reality is that Mr. Williams failed to appear more than once before me. I didn’t buy it the first time around. I did not accept his explanation. I didn’t think it was real, and I had an issue with his credibility.
His attorney at the time took it up to the Fourth. The Fourth sent it back. They didn’t say that I was wrong. They said simply why don’t you get more on the record. We had a second hearing at that time and I gave him the benefit of the doubt and released him, thereafter, he failed to appear.
Now, the record is what it is. I don’t need to hear argument on the record. But if you want me to [sic] additional testimony, fine. In case there is an issue, in case you want to take it up again. Are you asking me if I am letting him out? No.
Petitioner moved to disqualify the judge based on these comments, and the judge denied the motion as legally insufficient. This court reviews de novo the legal sufficiency of a motion to disqualify. Zuchel v. State, 824 So.2d 1044, 1046 (Fla. 4th DCA 2002). “Whether the motion is legally sufficient requires a determination as to whether the alleged facts would create in a reasonably prudent person a well-founded fear of not receiving a fair and impartial trial.” Id.
The motion in this case is legally sufficient. We grant the petition for writ of prohibition. This case shall be assigned to a different judge.
Following this court’s recent decision granting the second of the two habeas corpus petitions, the trial court held a bond hearing and imposed a $50,000 bond which is 50 times the standard $1,000 convenience bond for a third-degree felony *234 and 10 times the maximum fine that could be imposed for a third-degree felony. Petitioner testified that he lost his job as a computer engineer due to his recent incarceration and could not afford a monetary bond. Notably, the state had not requested any monetary bond or additional pretrial release conditions.
Depending on the financial resources of the party, excessive bond is tantamount to no bond and an appellate court will grant relief where the petitioner shows that the bail is unreasonable under the circumstances. See Brazil v. Jenne, 755 So.2d 784 (Fla. 4th DCA 2000).
Petitioner has shown that the $50,000 bond is unreasonable under the circumstances of this case. The undisputed evidence remains that petitioner has complied with all the conditions of his pretrial release supervision and appeared and remained at the calendar call hearing at which the court took him into custody. The state did not present any evidence that petitioner failed to maintain contact with pretrial supervision authorities or that he did not maintain a current address with those authorities. Nothing has been presented to show that petitioner has refused to “submit to the orders and process of the court.” Fla. R. Crim. P. 3.131(e)(2).
The petition for writ of habeas corpus is granted, and petitioner shall be released to the pretrial release conditions which had been imposed before his latest incarceration. The state may move the successor judge to consider additional, reasonable pretrial release conditions should new circumstances or evidence warrant it.

Petitions granted.

GROSS, GERBER and CONNER, JJ., concur.