PER CURIAM.
Petitioner seeks a writ of prohibition to review the denial of his motion to disqualify the trial judge. We conclude that the motion to disqualify was legally sufficient and that petitioner has demonstrated that he has an objectively reasonable basis to fear that he will not receive a fair trial or hearing. We therefore grant the petition.
Petitioner is charged with third-degree felony possession of cannabis with intent to sell and third-degree felony possession of MDMA. At his arraignment hearing, petitioner, a twenty-year old who has no prior adult criminal record and who qualifies for felony drug court, moved to have the case transferred. Petitioner’s counsel asked the court to hear testimony from petitioner. The court refused to hear from petitioner and immediately denied the request. The court explained that it had read the probable cause affidavit and that it accepted the allegations therein as true for purposes of the motion. The court appears to have believed allegations that petitioner had been selling MDMA — conduct with which petitioner has not been charged. Petitioner’s counsel urged the court to allow him to present testimony. The court refused to allow counsel to present testimony and cut short any argument or proffer that defense counsel could have made as to why transfer to drug court was appropriate.
Petitioner timely filed a motion to disqualify, and the State does not dispute that the motion satisfies the technical requirements of the rule. Fla. R. Jud. Admin. 2.330(c). The State contends only that the allegations in the motion are not sufficient to establish that petitioner “fears that he or she will not receive a fair trial or hearing because of specifically described prejudice or bias of the judge.” Fla. R. Jud. Admin. 2.330(d)(1).
“The standard of review of a trial judge’s determination on a motion to disqualify is de novo.” Parker v. State, 3 So.3d 974, 982 (Fla.2009).
The term “legal sufficiency” encompasses more than mere technical compliance ■with the rule and the statute. The standard for viewing the legal sufficiency of a motion to disqualify is whether the facts alleged, which must be assumed to be true, would cause the movant to have a well-founded fear that he or she will not receive a fair trial at the hands of that judge.
Id. The fear of bias must be objectively reasonable. Id.
Petitioner acknowledges that the court had discretion in deciding whether to permit him to enter into the drug court program. The statute provides that a court “may order an individual to enter into a pretrial treatment-based drug court program.” § 397.334(2), Fla. Stat. (2012) (emphasis supplied). The State does not dispute that petitioner qualifies for participation in the drug court program. See § 948.08(6), Fla. Stat. (2012). Section 948.08(6)(a)2 provides:
2. If the state attorney believes that the facts and circumstances of the case suggest the defendant’s involvement in the dealing and selling of controlled substances, the court shall hold a pread-mission hearing. If the state attorney establishes, by a preponderance of the *540 evidence at such hearing, that the defendant was involved in the dealing or selling of controlled substances, the court shall deny the defendant’s admission into a pretrial intervention program.
The State did not request a preadmission hearing in this case, nor did it formally object to the transfer. Instead, the court immediately refused to transfer petitioner’s case to drug court and refused to hear from petitioner or petitioner’s counsel.
A trial court’s adverse ruling is not alone sufficient to require disqualification, but where a court enters an adverse ruling without allowing a party a fair opportunity to present evidence or argument regarding a significant issue, disqualification may be required. In Zuchel v. State, 824 So.2d 1044, 1046 (Fla. 4th DCA 2002), the trial court’s refusal to allow cross-examination at a bond hearing was held sufficient to merit disqualification. In Wargo v. Wargo, 669 So.2d 1123, 1125 (Fla. 4th DCA 1996), this court found the motion to disqualify sufficient where the court made disparaging remarks about the party’s position, and began to rule, before having heard any evidence.
Here, the petitioner clearly qualifies for entry into the program, desires to enter the program, and the State has not objected. Nevertheless, the court refused to provide petitioner any opportunity to fairly present his case for transfer to drug court. Petitioner has an objectively reasonable basis to fear that he may not receive a fair trial or hearing before the judge.
The petition is granted. This case shall be assigned to another judge. Pursuant to Florida Rule of Judicial Administration 2.330(h), petitioner may move the successor judge to reconsider the court’s ruling on the motion to transfer.

Petition granted.

GROSS, TAYLOR and DAMOORGIAN, JJ., concur.