PER CURIAM.
James A. Carter appeals his convictions for attempted felony murder and arson, claiming that the trial court erred (1) in ruling that the State’s videotaped demonstration was admissible, and (2) in denying his motion to disqualify the trial judge. We affirm on the first ground without discussion. We reverse on the second ground.
The record reflects that officers were dispatched to a residence in response to a report that a woman had been set on fire. Upon arrival, officers observed that the victim, Carter’s wife, had severe burns all over her body, causing her skin to melt off. According to the police report, she told the officers that her husband had doused her with rubbing alcohol and set her on fire in their apartment.
A statement was taken from Carter in which he denied his wife’s allegations. Carter could not explain how she became engulfed in flames, but refused to admit that he intentionally set her on fire.
At the plea hearing, the trial judge engaged in a discussion with the victim, in which she agreed to a twenty-year sentence that was offered to Carter as part of a plea agreement. During the conversation, the victim described her current physical and mental state, as well as the effect her injuries have had on her family. In response, the trial judge told the victim:
THE COURT: No person deserves that type of treatment at the hands of anyone for any reason.
[[Image here]]
But, as I said, no human being, no animal, no insect deserves that kind of treatment.
[[Image here]]
I’m not sure he deserves what you’re giving him.
At that point, Carter interjected and stated to the judge: “Give me the death penalty, then,” to which the trial judge then replied: “Believe me, I wish I could.”
Afterwards, Carter signed the plea agreement, and the judge began the plea colloquy. However, the plea colloquy stopped when Carter denied his liability, and the court proceeded to set the matter for trial.
Shortly thereafter, Carter filed a sworn affidavit and a motion for disqualification of the trial judge premised on the judge’s statements during the plea hearing. Specifically, Carter noted the judge’s statement, “Believe me, I wish I could” — in response to Carter’s comment, “Give me the death penalty, then,” as well as the judge’s expressions of sympathy for the alleged victim, telling her not to blame herself for what happened to her and that, “no human being, no animal, no insect deserves that kind of treatment.” Carter argued that these comments created in him a well-founded fear that the trial judge was predisposed to ruling in the *538 State’s favor and that the court would sentence him to the maximum penalty if he were convicted of the charges or any lesser included offense. The court denied Carter’s motion as legally insufficient. After a jury trial, Carter was found guilty of attempted felony murder and arson.
On appeal, the denial of a motion to disqualify a judge is reviewed de novo. Edwards v. State, 976 So.2d 1177, 1178 (Fla. 4th DCA 2008).
Pursuant to Florida Rule of Judicial Administration 2.330(f):
The judge against whom an initial motion to disqualify ... is directed shall determine only the legal sufficiency of the motion, and shall not pass on the truth of the facts alleged. If the motion is legally sufficient, the judge shall immediately enter an order granting disqualification and proceed no further in the action.
Fla. R. Jud. Admin. 2.330(f) (emphasis added). This court has explained that a motion to disqualify is considered legally sufficient where “the facts would objectively cause a well-founded fear in the moving party that [he or she] would not receive a fair and impartial trial.” Edwards, 976 So.2d at 1178 (citing Zuchel v. State, 824 So.2d 1044 (Fla. 4th DCA 2002)).
This court has previously held that a trial judge’s announcement before resen-tencing that he intended to impose the maximum period allowable under sentencing guidelines is the paradigm of judicial bias and prejudice. Gonzalez v. Goldstein, 633 So.2d 1183, 1184 (Fla. 4th DCA 1994).
Additionally, in a factually similar case from the Second District, a trial judge rejected a negotiated plea agreement on the morning of trial and stated that if the defendant was found guilty of the charges, he deserved a life sentence. Konior v. State, 884 So.2d 334, 335 (Fla. 2d DCA 2004). Notwithstanding the fact that the comments were made during a plea hearing, the Second District held that the defendant’s “resulting fear that he had been prejudged and would not receive a fair trial” before the trial judge was reasonable and was a legally sufficient reason for the judge’s disqualification. Id. (citing Martin v. State, 804 So.2d 360, 364 (Fla. 4th DCA 2001); Gonzalez, 633 So.2d at 1184; Lewis v. State, 530 So.2d 449, 450 (Fla. 1st DCA 1988)).
Likewise, Carter’s alleged fear that the trial judge had prejudged him and that he would not receive a fair trial was reasonable in light of the trial judge’s sympathetic comments towards the victim, coupled with the statement that he wished he could give Carter the death penalty. Therefore, having alleged facts that would objectively cause a well-founded fear in a reasonably prudent person that he would not receive a fair and impartial trial, we hold that Carter’s motion was legally sufficient to require disqualification, and the trial court erred in denying the motion.
Accordingly, we reverse and remand the case to be heard before a new judge.

Affirmed in part and reversed in part.

WARNER, GROSS and CONNER, JJ., concur.